# Joshua W. Bryant *vs.* David Wilson and Eben B. Hunting, trading as Wilson & Hunting.

*Contract for Sale of Land—Covenant against Incumbrances— Bill for Specific performance of Contract—Pleading.*

A contract for the sale of land subject to a ground rent, contained the following stipulation on the part of the vendors, "and we further agree to execute within thirty days a deed of said property to the said J. W. B. clear of all incumbrance, except the ground rent aforesaid." HELD:

1st. That this stipulation entitled the vendee to require that the deed from the vendors to him should contain a covenant that the said property was clear of all incumbrances except the said ground rent.

2nd. That it was not necessary for the vendee in a bill for the specific performance of said contract, to allege that the property was, to his knowledge, subject to incumbrances.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the Court below, (DENNIS, J.,) sustaining a demurrer to the bill of complaint. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and IRVING, J.

*Howard Bryant,* for the appellant.

*George R. Willis,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed by the vendee of a lot of ground in the City of Baltimore against the vendors, for a specific performance of the contract of purchase. The defendants demurred to the bill and the demurrer was sustained by the Court below.

The bill charges the making of the contract, and the performance thereof, or tender of performance, by the plaintiff, and the refusal to perform by the defendants, according to what is alleged to be the requirement of the contract of sale. The contract exhibited, dated the 8th of September, 1888, and signed by the defendants, describes the property, and states the price at which it was agreed to be sold to be $1,700, and by which contract the receipt of $300 on the purchase is acknowledged by the defendants. The property, according to the terms of the contract, was sold to remain subject to a ground rent of $135 per annum; and then follows this stipulation: "We agree to complete the repairs, which we have heretofore contracted for, at our own expense, on the said building; and we further agree to execute within thirty days a deed of said property to the said J. W. Bryant,

*clear of all incumbrance,* except the ground-rent afore-
said; and we also agree at the same time to assign the
policy we hold on said property to said Bryant, upon his
executing to us a good and sufficient mortgage for the
$1,400," payable in the manner specified in the contract.

It is alleged by the plaintiff in his bill, that, having
in other respects performed his part of the contract, he
tendered to the defendants a deed of the property to be
executed by them, and a mortgage to secure the balance
of the purchase money, as required by the contract; and
that in the deed, prepared and presented for execution,
was inserted this clause or covenant: "And the said
Wilson and Hunting agree with the said J. W. Bryant
that the said property is clear of all incumbrance, except
the ground-rent aforesaid;" but that the defendants re-
fused to execute the deed and accept the mortgage, for
the reason, as they contend, "that the terms 'clear of
all incumbrance, except the ground rent,' have refer-
ence solely to the property, and are simply declaratory
of what they have agreed should be the condition of
their title to it, as to incumbrances, at the time of mak-
ing the deed, and not that the deed should contain a
covenant against incumbrances." And this seems to
have been the view of the Court below, but in which
view we cannot concur.

The object of the stipulation against incumbrances
was to assure and protect the vendee, and to relieve him
of all danger that could result from the possible exis-
tence of incumbrances, whereby his estate might be
lessened in value, and he be disturbed in the peaceable
enjoyment thereof. And that being so, it is quite imma-
terial that it is not alleged in the bill for specific per-
formance that the property is, to the knowledge of the
plaintiff, subject to incumbrances; for whether the ven-
dee has knowledge of the existence of incumbrances or
not, at the time of taking the deed with covenant against

incumbrances, his rights on the covenant would in no manner be affected by such knowledge. *Hovey vs. Newton*, 7 *Pick.*, 29; *Medler vs. Hiatt*, 8 *Ind.*, 171; *Snyder vs. Lane*, 10 *Ind.*, 424; *Beach vs. Miller*, 51 *Ill.*, 206; 3 *Washb. Real Pro.*, (*3rd Ed.*,) 394. It is true where a vendee is entitled to a conveyance of an estate free of all incumbrances, he cannot be required to accept the title until the incumbrances are removed; (*Buchanan vs. Lorman*, 3 *Gill*, 77; *Owings vs. Baldwin*, 8 *Gill*, 350; *Dorsey vs. Hobbs*, 10 *Md.*, 417;) but this is a matter of his own election, and if, by the terms of his purchase, he is entitled to a covenant against incumbrances, and he insists upon its incorporation in the deed of conveyance, he may rely upon such covenant instead of insisting upon the removal of the incumbrance as a condition precedent to the acceptance of the title.

Here, the stipulation against incumbrances rests in the agreement for the sale of the property, which is *executory* simply; and the acceptance of a deed, and the making and delivery of the mortgage, in pursuance of the agreement, would be deemed, *prima facie*, an execution of the contract, and such agreement of purchase and sale would thence become void, and of no further effect. It may be, no doubt, that parties may enter into covenants collateral to the deed, or there may be cases where the deed would be deemed only a part execution of the contract, if that clearly appears to be the intention of the parties. But, as said by the Supreme Court of New York, in *Houghtaling vs. Lewis*, 10 *John.*, 297, 299, "the *prima facie* presumption of law, arising from the acceptance of a deed, is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such deed, and the original agreement becomes null and void." See, also, *Howes vs. Barker*, 3 *John.*, 506, and *Judson vs. Wass*, 11 *John.*, 525. The

Bryant *vs.* Wilson and Hunting.

same principle has been fully recognized as the law of this State, in *Middlekauff vs. Barrick*, 4 *Gill*, 299; *Smith vs. Chaney*, 4 *Md. Ch. Dec.*, 246.

In this case, by the terms of the contract of sale, the vendors were bound to make the conveyance of the property to the vendee within thirty days from the day of sale, and it is not to be supposed that, upon the making of the deed, it was contemptated by the parties that the stipulation against incumbrances should cease to have operation and effect as means of protection to the vendee. The only mode, as we have seen, in a case of a contract like the present, of preserving the full benefit of the stipulation against incumbrances to the vendee, is by incorporating in the deed, made in pursuance of the contract, a covenant against incumbrances; and the covenant embraced in the deed prepared and tendered to the vendors for execution in this case would seem to be such as the vendee is entitled to under the contract of purchase. Upon the facts as charged in the bill the plaintiff is clearly entitled to relief; and therefore, the order of the Court below will be reversed, and the cause remanded for further proceedings, in accordance with this opinion.

*Order reversed, and cause remanded.*

(Decided 17th December, 1889.)