BELKNAP.

MEREDITH MECHANIC ASSOCIATION *v.* AMERICAN TWIST
DRILL CO.

Parol evidence is admissible to show the location and limits of land
described in a written lease, but not to show that the parties at the
time of making the lease agreed upon a different location or limit from
that written in the lease.

DEBT, for rent of the plaintiffs' mill from July 1, 1887, to July
1, 1888. Plea, the general issue, with a brief statement that the
defendants were evicted by the plaintiffs from a portion of the
demised premises, April 1, 1885, and were kept out of the posses-
sion thereof ever afterwards.

January 26, 1880, by the writing under seal, the plaintiffs
leased to the defendants, for the term of ten years from July 1,
1880, their mill in Meredith, described as " a certain factory build-
ing known as their large mill and the brick picker building adjoin-
ing. As also the passageways from the street to the end and
front of said building, and the yard-room around the same, not
otherwise occupied. All for the purpose of an iron machine-
shop," etc. Fronting on the easterly side of the highway, and
situated on the northerly side of the passageway leading from the
highway easterly through the mill-yard to the mill, is a one-story
wooden building, formerly occupied as a counting-room for the
mill, but at the time of the execution of the lease occupied as a
millinery store. It was not claimed that this building was
included in the lease. The distance between the rear or easterly
end of this building and the mill was about 100 feet, and the land
between it and the mill was a part of the yard-room referred to in
the lease. In the spring of 1885 the plaintiffs extended the one-
story building twelve feet easterly towards the mill the whole width
of the building, fourteen feet, and the building thus enlarged was
afterwards occupied by the plaintiffs' other tenants. The space of
ground, twelve by fourteen feet, thus covered by the extension, is
the portion of the demised premises from which the defendants
complain they were evicted.

The plaintiffs offered to show by their agent, Seneca A. Ladd,
that during the negotiations and before the execution of the lease
Ladd went upon the premises with one Worrell, the defendants'
treasurer and agent, and told him that the land immediately back
of the millinery store was occupied in connection with it, and that
they agreed how much land was to be considered as so occupied,
and fixed the bounds thereof. The court ruled that the plaintiffs
might show what land was otherwise occupied, or pointed out as

" otherwise occupied," but excluded evidence of any agreement by parol reserving land for the shop, or as to any conversation about reserving land for the shop, not then occupied in connection with it. To this ruling the plaintiffs excepted.

The following question was put to Ladd, who was deaf, in writing: " You will observe that the lease reads, in describing the premises, ' as also the passage from the street to the end and front of said building, and the yard-room around the same not otherwise occupied.' Please state if in said negotiations and prior to the execution of the lease you pointed out to Mr. Worrell what part of the yard-room was occupied by the association, and if you did, what part of said yard was so pointed out." Ans. " I pointed out the yard-room at the end of the little building [saying, 'Some ten to twenty feet here we reserve to go with the millinery room ']. I paced ten or fifteen feet from the end of the building opposite to a rock in the bank [and said, ' We reserve it to go with this building']. The land and rock in the bank which I pointed out were fifteen or twenty feet below the little building, and seven or eight feet from the building as it is now." So much of the foregoing answer as is included within brackets was stricken out after the closing arguments of counsel, and the jury were instructed to disregard it ; and the plaintiffs excepted.

In reply to a question from one of the jurors, whether, in determining if the land in question was otherwise occupied, regard should be had to the occupation of the premises at the time of the execution of the lease, or at some subsequent time, the court instructed them that the words " otherwise occupied," as used in the lease, mean the occupation of the plaintiffs' premises at the time of the execution of the lease, and not at some subsequent time. To this instruction the plaintiffs excepted.

There was no evidence of occupation by the tenants of the millinery shop of that part covered by the addition at the time of and prior to the execution of the lease.

*D. Barnard* and *F. E. Elder,* for the plaintiffs.

*E. A. & C. B. Hibbard, Jewell & Stone,* and *S. W. Rollins,* for the defendants.

CLARK, J. For the purpose of locating land conveyed by metes and bounds, resort must always be had to extrinsic evidence, but such evidence is not admissible to control the effect of the deed. The premises demised are described in the lease as " a certain factory building . . . Also the passageways from the street to the end and front of said building, and the yard-room around the same, not otherwise occupied." Parol evidence was admissible to identify the premises leased, and to determine the limits of the yard-room around the building and the portion other-

wise occupied, but it was inadmissible to show an intention on the part of the lessor, or a parol agreement of the parties, to reserve any part of the premises not reserved by the terms of the lease. The language of the lease conveyed the yard-room around the building " not otherwise occupied," having reference to the usual and customary occupation, and evidence of a parol agreement to reserve land for the millinery shop not usually occupied in connection with it, and any conversation about a reservation for future occupation was rightfully excluded, being in conflict with the language of the lease.    *Prescott* v. *Hawkins*, 12 N. H. 19; *Peaslee* v. *Gee*, 19 N. H. 273; *Sanborn* v. *Clough*, 40 N. H. 316; *Wells* v. *Iron Company*, 47 N. H. 235; *Andrews* v. *Todd*, 50 N. H. 565; *Coburn* v. *Coxeter*, 51 N. H. 158; *Goodeno* v. *Hutchinson*, 54 N. H. 159; *Hunt* v. *Haven*, 56 N. H. 87; *Packard* v. *Putnam*, 57 N. H. 43; *Sleeper* v. *Laconia*, 60 N. H. 201.

Whether the merits of this case can be reached on a count in general assumpsit, filed as an amendment of the declaration, is a question not necessary to be now considered.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.