## LOUIS BUCKNER *v.* IRVEN HESSON ET AL.
### [No. 54, April Term, 1930.]

*Decided June 24th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* with whom was *Louis Hollander* on the brief, for the appellant.

*Redmond C. Stewart* and *S. Wilmer Pleasants,* with whom were *Stewart & Pearre* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City overruling a demurrer to a bill filed by the appellee to compel specific performance of an agreement of the appellant to convey a lot in Baltimore City to Grace

Hesson, mother of the appellee, "clear and free from the payment of any ground rent," which was afterwards conveyed to her by a deed whereby the appellant assumed the payment of the ground rents then on the property.

As alleged by the bill of complaint, about March 11th, 1919, Grace Hesson entered into an agreement in writing with Louis Buckner for the purchase of the property known as No. 2838 Frederick Avenue, by which Buckner agreed to convey the same to her for four thousand dollars, of which four hundred dollars was paid in cash, and the balance ($3,600) secured by a mortgage payable in installments of forty dollars per month.

By deed dated April 18th, 1919, Buckner conveyed the property to Grace Hesson, the habendum clause of which is as follows:

> "To have and to hold the said described lot of ground and premises unto and to the use of the said Grace Hesson, her heirs, personal representatives and assigns free and clear of the payment of any ground rent, or any mortgage indebtedness for which the said property may now be liable, which ground rent and mortgage indebtedness the said Louis Buckner does hereby assume and the said Louis Buckner does hereby, for himself, his heirs, executors, administrators or assigns covenant and agree to pay and keep and save the property hereby conveyed free and clear from the liability for the ground rents and mortgages to which the same is now liable so that the said Grace Hesson, her heirs and assigns, may have, hold, use and enjoy the said property in the same manner and to the same extent as though the same was in fee simple."

At the suggestion and upon the recommendation of the appellant, Grace Hesson employed Louis Hollander, an attorney, and a son-in-law of Buckner, to examine the title and prepare the necessary papers. Grace Hesson died intestate November 10th, 1926, leaving the appellee, who was her only son and heir at law, to whom letters of administration were

granted on the mother's estate. He engaged Louis Hollander as his attorney, who prepared a deed of the lot so conveyed to his mother, which the appellee executed as administrator of his mother, Grace Hesson, to himself individually, and which was "subject however to the legal operation and effect" of the purchase money mortgage from Grace Hesson to Louis Buckner. After the death of his mother the appellee continued to reduce the amount of the mortgage debt until May, 1929, when he heard that the property had not been conveyed to his mother free and clear of ground rents. He mentioned this fact to both the appellant and the said attorney, but was assured by them "that the title was good and that the deeds conveyed the property free and clear of the payment of any ground rent in accordance with the terms of the aforementioned agreement." The appellee then advised them that he would make no further payments on the mortgage debt until he was assured that the property was clear of any ground rents. Early in the year of 1929, Louis Hollander, as attorney for Buckner, demanded payment of the balance of the mortgage. On July 29th, 1929, the appellee wrote the appellant, notifying him of the existence of the ground rents, and demanding a title in fee simple to the property free and clear of the ground rents. On or about August 21st, 1929, the appellee received a letter from one Samuel W. Oliner, advising him that he had purchased the mortgage and demanding its immediate payment. Later, on threat of foreclosure, the appellee paid the balance of the mortgage debt to Oliner and obtained a release of the mortgage. The property is subjct to two ground rents, one of eighty dollars a year, the other of five hundred and eighty dollars a year, which represent a capitalization at six per cent. of eleven thousand dollars on a four thousand dollar property.

The bill then prays that the agreement of March 11th, 1919, "may be specifically enforced and that the said defendant may be required to convey to them a title to said property in accordance with the terms of said agreement," and for general relief.

464

The only possible question this court sees in this case is whether the appellee should have prayed for specific performance of the agreement, or the defendant required "to pay and keep and save the property * * * conveyed free and clear from the liability for the ground rents and mortgages to which the same is now liable, etc." "The *prima facie* presumption of law arising from the acceptance of a deed is that it is an execution of the whole contract, and the rights and remedies of the parties in relation to such contract are to be determined by such deed, and the original agreement becomes null and void." *Bryant v. Wilson,* 71 Md. 443; *West Boundary Co. v. Bayless,* 80 Md. 495; *Lawson v. Mullinix,* 104 Md. 156, 157; 18 *C. J.* 270.

The agreement required the appellant to convey to Grace Hesson the property therein mentioned in fee simple. What she got was a paper called a "deed" but which was in fact an assignment of a lease, the fee being in the owners of the ground rents, and, after the death of his mother, the appellee, as her administrator, executed a "deed" to himself individually, prepared by the same attorney who wrote the *deed* from Buckner to Grace Hesson. That attorney knew or ought to have known that the appellee could not, as administrator, execute a deed for the property in fee simple. It is an exception to the rule that an agreement merged in a deed cannot be enforced unless there be fraud, accident or mistake in the terms and execution of the deed. *Bladen v. Wells,* 30 Md. 581; 18 *C. J.* 271-2. In this case, though the appellant argues that the appellee has not in terms charged the appellant with fraud, accident, or mistake in the transaction, we think it is so stated as to come under at least one of these heads, and the appellant should be required to answer the bill of complaint.

*Decree affirmed with costs, and case remanded for further proceedings.*