FRANK JANITSCHECK ET UX., RESPONDENTS, v. MELBRO
REALTY CORPORATION, APPELLANT.

Submitted October 31, 1930—Decided May 18, 1931.

For the appellant, *Alexander Seclow.*

For the respondents, *Samuel Harber.*

The opinion of the court was delivered by

PARKER, J.   The meritorious question to be decided is the proper construction of a clause in a sealed contract of sale of real estate, in view of the attendant circumstances.   The clause reads: "All street assessments for the improvements of Liberty avenue are to be paid by the seller."   Respondents, plaintiffs below, were the vendees, and after they had taken title from appellant-vendor, an assessment for street improvement was laid which the purchasers, according to their testimony, asked the vendor to pay and on refusal paid it themselves and brought suit to recover over from the vendor, and judgment was awarded in their favor, and affirmed by the Supreme Court.

We think the judgment below was right.   It appeared by the evidence without substantial contradiction, that Liberty avenue on which the premises fronted, while not a new street on paper, was very much in a state of nature when the appel-

lant corporation proceeded to develop a tract of land through which it ran, and to sell lots fronting on this street including that described in the contract. The tract was underlaid with hard rock, and street improvement involved tedious drilling and blasting to bring the street to grade, allow excavation for sewer, and so on. According to the testimony for plaintiffs, everything was torn up and in confusion when the contract was signed, and when a month later the deed was delivered. The locality was in Jersey City, and naturally a hard surfaced street was to be expected. Part of the necessary improvement was done by defendant land company: but according to the testimony of the witness Dolan, of the street department, a petition had been filed asking for the improvement of the street as early as October, 1925, six months before the contract, which is dated April 24th, 1926. The ordinance appears to have been actually introduced May 18th, 1926, four days before the time fixed in the contract for delivery of the deed. The work progressed very slowly, and the assessment bills were not sent out until 1929, but the trial court was fully justified in finding that the improvement underlying the assessment had been initiated by petition before the contract was signed, and the ordinance had been introduced before deed was delivered. Both parties knew the physical conditions, and what must be done to make the street passable and usable: the contract was signed under those conditions; and the only reasonable construction to be put on the clause in question is that both parties intended that the seller would pay assessments laid in the reasonably near future for improvements required to complete the street as a serviceable street, and under way or directly contemplated. In short, the undertaking was, within its scope, to pay assessments which should become liens in the future and which would not be liens when the deed should be delivered. This, we think, covers the first five points made in the brief. As to the sixth, that the court excluded a question intended to bring out the fact that the contract had been prepared by respondents' lawyer, we think that if this was technical error it was harm-

less, as in any event the clause should be construed as above. The point that the payment by plaintiffs of the assessment was voluntary is without substance; for if, as between the parties it was defendant's duty to pay it and he refused, plaintiff was entitled in self-protection to pay it and recover over. Point eight is that the contract merged in the deed. We hold that the particular clause was quite independent of the deed, which was accepted on the strength of that clause, and that vendees in paying their money paid not only for the title but for a separate guarantee of defendant to hold them harmless from the assessment in question.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.