BENJAMIN LEVIN, ET UX. *v.* LEON A. COOK, ET UX.

[No. 145, October Term, 1945.]

*Decided May 17, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Justinus Gould,* with whom was *Herman Berlin* on the brief, for the appellants.

*Harvey C. Bickel* and *Gersh I. Moss* appeared on the brief for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Benjamin Levin and Rebecca Levin, his wife, hereinafter known as the appellants, defendants below, from a judgment on a verdict in the amount of $350 rendered by a jury in the Superior Court of Baltimore City against them and in favor of the appellees, Leon A. Cook and Edna May Cook, his wife, hereinafter known as the appellees, plaintiffs below. The case comes to this court on an exception by the appellants to the admission in evidence of an agreement of sale made on the 31st day of May, 1944, and on the refusal of the trial court to grant the demurrer prayer of the appellants and a motion for a judgment *n. o. v.* in favor of the defendants after the rendition of the verdict in favor of the appellees.

On the 31st day of May, 1944, the appellants entered into an agreement of sale to sell to the appellees certain property in Baltimore City subject to an annual ground rent of $54 to be created thereon. This agreement contained the following clause: "The vendors hereby state and represent the heating plant and oil burner at the premises to be efficient and in good conditions throughout and the roof to be in not immediate need of repairs."

An assignment of the leasehold interest was executed by the appellants to the appellees of this property on the 4th day of August, 1944. The deed of assignment did not contain the clause in the agreement of sale hereinbefore quoted.

On April 23, 1945, a suit was entered by the appellees against the appellants on the contract of sale and particularly on the quoted clause hereinbefore referred to, alleging that the heating system in the property did not function properly and was bad and inefficient and claiming $750 by reason of the failure of the heating system. As a result of that suit the jury rendered a verdict for the appellees in the amount of $350.

During the course of the trial the appellees offered in evidence the contract of sale hereinbefore referred to. An objection was made by the appellants. The objection was overruled and the contract admitted in evidence. This is the first exception before us here. The appellants contend that the acceptance of the deed or assignment by the appellees is the final execution of the whole contract, making the preliminary contract null and void.

It has been stated many times by this court that if a party can set up an antecedent or accompanying parol contract after conveying by deed thereby contradicting the deed there would be very little security or safety in deeds or in titles held under them. *Bladen v. Wells,* 30 Md. 577; *West Boundary Real Estate Co. v. Bayless,* 80 Md. 495, 509, 31 A. 442. It is also a settled principle of law that parol evidence is not admissible to contradict, add to, subtract from, or vary the terms of a deed or control its legal operation except where it is impeached for fraud or where it is sought to be reformed upon the allegations of fraud, accident, or mistake. *Bladen v. Wells, supra; West Boundary Real Estate Co. v. Bayless, supra.*

It was said in the case of *Bryant v. Wilson,* 71 Md. 440, at page 443, 18 A. 916: "It may be no doubt, that parties may enter into covenants collateral to the deed, or there may be cases where the deed would be deemed only a part execution of the contract, if that clearly appears to be the

intention of the parties. But, as said by the Supreme Court of New York, in *Houghtaling v. Lewis,* 10 John. 297, 299, 'the *prima facie* presumption of law, arising from the acceptance of a deed, is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such deed, and the original agreement becomes null and void'." *Buckner v. Hesson,* 159 Md. 461, 464, 150 A. 852.

However, it has been frequently held by this court that parol evidence may be given of collateral and independent facts which tend to support a deed, provided it is not offered for the purpose of varying the agreement and is consistent with the deed. *Dorsey v. Eagle,* 7 Gill & J. 321, 331; *Creamer v. Stephenson,* 15 Md. 211, 222. The general rule is that by the execution and acceptance of the deed in pursuance of an agreement for the sale of land, such agreement of sale thence becomes null and void, except where the agreement contains covenants collateral to the deed or where the deed appears to be only a partial execution of the contract. *Rosenthal v. Heft,* 155 Md. 410, 418, 142 A. 598.

It was said in *Bladen v. Wells, supra,* 30 Md. at page 583: "There are cases which clearly settle the law, that parol evidence may be offered to prove any collateral independent fact about which the written agreement is silent, as where an indemnity bond stipulated the obligor should pay all charges the obligee might incur in resisting a certain claim, but was silent as to the manner or means to be employed in resisting it. A parol agreement that the obligor should do so by his own counsel was held admissible. *Creamer v. Stephenson,* 15 Md. 211. The reason given for the admission of the proof in such cases, is that it does not in the least tend to contradict, vary or explain the written instrument." *Bryant v. Wilson,* 71 Md. 440, 443, 18 A. 916, *supra; Rosenthal v. Heft,* 155 Md. 410, 418, 142 A. 598, *supra.*

In the case at bar there is no reference in the deed or assignment to the heating plant and oil burner and

under the general rule laid down in *Rosenthal v. Heft, supra,* 155 Md. at page 418, 142 A. at page 602, the agreement here contains a collateral covenant. This covenant that the heating plant and oil burner were in good condition throughout is not inconsistent with the deed or assignment which contains a description of the property, the usual appurtenance and habendum clauses, and the special warranty. As the clause in question does not contradict the deed or assignment but is a covenant collateral to the deed or assignment, we conclude that the trial court was correct in permitting the agreement in dispute to be offered in evidence. The deed or assignment here was only a partial execution of the contract between the parties. The first exception was therefore not properly taken. This covenant was for the protection of the appellees, the purchasers of the leasehold, who were the owners at the time of the institution of the suit and were the plaintiffs therein. All parties to the suit were parties to the agreement. This is not a suit against a third party as purchaser for value of the property without notice of the collateral covenant. *Brennan v. Schellhamer,* Com. Pl., 13 N. Y. S. 558; *Goodspeed v. Nichols,* 231 Mich. 308, 204 N. W. 122.

The second and third exceptions are to the refusal of the trial court to grant the defendants' demurrer ("B") prayer and the appellants' motion for a judgment *n. o. v.* The "B" prayer was as follows: "The jury is instructed that there is no evidence in this case legally sufficient to entitle the plaintiffs to recover and therefore the verdict of the jury must be for the defendants." The appellants claim that this prayer should have been granted for a number of reasons, namely: because the buyers failed to give notice to the sellers of the alleged breach of a promise or warranty within a reasonable time; because the warranty of soundness related to the conditions at the time of the sale only; because by payment of interest on the second mortgage, the buyers are estopped from alleging the breach of warranty; because there is no evidence as to the amount of damages. Under the

rules adopted by this court, effective September 1, 1941, Rule 4, Pt. 3, Subdiv. 3, Directed Verdict, provides that a motion for a directed verdict shall state the grounds thereof. This should be done for the information of the court and counsel. In this case the appellants allege several grounds why the demurrer prayer should have been granted but state no grounds in their motion for the directed verdict. This prayer was therefore defective. *Clautice v. Murphy,* 180 Md. 558, 562, 26 A. 2d 406; *Rinehart v. Risling,* 180 Md. 668, 673, 26 A. 2d 411; *Slaska v. Idzi,* 186 Md. 530, 47 A. 2d 503.

It has been often stated by this court that in determining whether a demurrer prayer should be granted any testimony tending to sustain the plaintiff's right to recover and all inference of fact fairly deducible therefrom are to be assumed as true, and if of sufficient probative force to enable an ordinary intelligent mind to draw a rational conclusion therefrom in support of plaintiffs' right, the prayer should be refused. If there is any evidence, however slight, legally sufficient as tending to prove the plaintiffs' case; that is to say, competent, pertinent, and coming from a legal source; the demurrer prayer should be refused. The weight and value of such evidence is a question for the jury. *Miller v. Loyal Order of Moose, Lodge No. 358,* 179 Md. 530, 534, 535, 20 A. 2d 156, and cases there cited.

The appellees offered evidence that one of the tenants in this house from October 9, 1943, until May, 1944, before the place was sold, complained to the appellants about the lack of heat on the second floor during cold weather and that one of the appellants, Mr. Levin, told him that he would reimburse him for whatever additional heat he used by supplementing the heating system with three oil stoves. This former tenant also testified that there was lack of heat throughout the whole winter. Evidence was further offered that, although the appellees paid interest on the mortgage to appellants early in November, 1944, the defect was not apparent at that time. In December, 1944, when the weather became very

cold the thermostat was advanced to 80 degrees and the boiler burst. The cause of this bursting was not discovered until the plumber took down the old burner in January, 1945, and discovered that one of the steam lines under the joist space in the floor was bent, causing the water to trap, therefore leaving the boiler empty when it was fired up. The fact that this bent pipe was under the floor was evidence that this defect existed at the time of the sale.

After the defect was discovered by the plumbers in January, 1945, the appellants were notified by appellees' attorney early in February of this defect and demand was made for payment of damages. There was further testimony that the appellees called the broker employed by one of the appellants, Mr. Levin, and complained in December, 1944, that the boiler had burst and were told by the broker that he would call the Levins and notify them. Testimony was therefore offered of facts from which the jury might fairly find that notice was given within a reasonable time after the defect was discovered. *May Oil Burner Corp. v. Munger*, 159 Md. 605, 152 A. 352.

Appellees also submitted evidence that they paid $547 for the replacement of the heater system. The finance charges were $47. The cost of the water cut-off was $25. The jury therefore in arriving at the verdict for $350 apparently deducted from the $547 paid by the appellees, the finance charge of $47, $25 for the water heater, $25 for the water cut-off, and $100 allowed for the old boiler, therefore arriving at a verdict of $350. The evidence appears to have been sufficient to submit to the jury the question of damages. *Salisbury Coca-Cola Bottling Co. v. Lowe*, 176 Md. 230, 4 A. 2d 440; *Coca-Cola Bottling Works v. Catron*, 186 Md. 156, 46A 2d. 303.

We must therefore conclude that in addition to the fact that the demurrer prayer was defective, there was testimony of facts and inferences of facts fairly deducible therefrom of sufficient probative force to enable an ordinary intelligent mind to draw a rational conclusion there-

from in support of appellees' rights, and therefore the trial court was correct in refusing this demurrer prayer and motion for the judgment *non obstante veredicto*.

*Judgment affirmed, with costs.*