STEVENS ET UX. *v.* MILESTONE ET AL.

[No. 94, October Term, 1947.]

62

*Decided February 20, 1948.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Ralph G. Shure* and *Alger Y. Barbee* for the appellants.

*Nicholas Orem, Jr.,* with whom were *Duckett, Gill & Anderson* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

Harold W. Stevens and Mildred L. Stevens, his wife, appellants here, entered suit in the Circuit Court for Montgomery County against Sadie Milestone, Philip Milestone, and David Milestone, appellees here, and known as "Glenview Builders," on the common counts and on a special count for payment for certain improvements which they claimed the appellees agreed to provide in the construction of a house purchased by the appellants from the appellees and which were not furnished. A verdict was returned in favor of the appellants in the amount of $1500. The appellees then filed a motion for a judgment *non obstante veredicto* (N.O.V.), a demurrer prayer having been previously offered, and for a new trial. The trial judge granted the motion N.O.V. and also granted a new trial if the judgment N.O.V. be overruled by this Court on appeal. Rules, "Practice and Procedure", adopted by this Court November 1, 1945, Part 3,

64

subd. III, Trials, Rule 8 (c) (1). A judgment was then entered in favor of the appellees for costs. From that judgment the appellants appeal.

On the demurrer prayer the evidence must be set out in some detail in a manner most favorable to the appellants.

Mr. and Mrs. Stevens testified that about August 22, 1945, they were attracted to a sub-division of dwelling houses being constructed in Glenview, Montgomery County. They said they observed a sign "Glenview Builders", and also a sign "For Sale, Dreisen & Freedman, Colesville Pike". They later visited Dreisen & Freedman in Silver Springs, and signed a contract with the appellees for the purchase of two lots "with improvements thereon" for a price of $8000. The improvement on the lots purchased was to be a dwelling house. The written contract did not mention or describe the house or contain any provision for building it. At the time the contract was signed the property consisted of the two lots with a hole in the ground for a cellar. Although no specifications of the house were provided in the contract signed by the parties hereto, it is admitted by the appelles that, with their consent, the appellants were furnished plans and the appellees orally agreed to build a dwelling house on these two lots in accordance with those plans. The house was not completed until about July 1, 1946. The appellants testified that they were refused admission to the house for a period of several weeks prior to settlement. Appellees contend that the reason for this refusal was that the floors were being finished and they did not wish anyone to come in. On the morning of July 2, 1946, the appellants visited the house and observed it from the outside but were unable to get inside. Later that day the appellants and at least one of the appellees met. A deed to the property was executed to the appellants and the balance of the purchase price of $8000 was paid to the appellees. Appellants claim in their special count, and also testified, that certain improvements promised by the appellees both

inside and outside of the house have never been furnished by them. This is denied by the appellees.

The appellees further contend that any contract, written or oral, merged into the deed when final settlement was made, that by the acceptance of the deed and the payment of the purchase money any deficiency in the performance of the contract to build the house was waived, and that thereby there was accord and satisfaction between the parties.

In general by the execution and acceptance of a deed in pursuance of an agreement for the sale of land, such agreement of sale thereby becomes null and void, except where the agreement contains covenants collateral to the deed and where the deed appears to be only a partial execution of the contract. *Rosenthal v. Heft,* 155 Md. 410, 418, 142 A. 598; *Levin v. Cook,* 186 Md. 535. 47 A. 2d 505. There is, of course, a *prima facie* presumption of law arising from the acceptance of a deed that it is an execution of the whole contract and the rights and remedies of the parties in relation to such contract are to be determined by the deed and the original agreement becomes null and void. *Buckner v. Hesson,* 159 Md. 461, 464, 150 A. 852; *Levin v. Cook, supra.* However, parol evidence may be given of collateral and independent facts if it is consistent with the deed, and does not tend to contradict or vary the written instrument. *Bryant v. Wilson,* 71 Md. 440, 443, 18 A. 916; *Rosenthal v. Heft, supra; Levin v. Cook, supra.* There is no reference in the deed to any specific improvements. The written agreement of sale provides for improvements. It is admitted that the original oral agreement between the parties provided that the house was to be built according to the plans furnished by the appellees. The plans were furnished by the appellees and accepted by the appellants. These plans, among other things, call for insulation of the house and for two cellar windows at the front of the house, which were not provided.

As this case comes to this Court on a demurrer prayer, any testimony tending to sustain plaintiff's right to re-

cover and any inference of fact therefrom are to be assumed as true. If there is any evidence of sufficient probative force to enable an ordinary intelligent mind to draw a rational conclusion therefrom in support of the plaintiffs' claim the prayer should be refused. Of course, the weight of such evidence is a question for the jury.

Mildred L. Stevens, one of the appellants, testified that at the time of settlement, among those present were her husband, herself, and one of the appellees. It is admitted by the appellees that the action of one appellee bound the others. Mrs. Stevens testified that Philip Milestone said at that time that "the things that were to be finished in the house would be finished, also the touching up." It is admitted by the appellees that the "touching up" was finished after the deed was executed. Nothing else was done. The plans provided among other things, for insulation and two front cellar windows. The appellees say that insulation was stricken out of the plans. This is denied by the appellants. There was testimony that at the time of delivery of the deed the appellees agree that the things in the house which were to be finished would be finished. As the insulation and the two front cellar windows might well be considered "in the house", we are of the opinion that there was sufficient evidence to go to the jury to establish the collateral agreement of the appellees to furnish at least these two items and that therefore the demurrer prayer should not have been granted.

This parol testimony tends to establish a collateral agreement made at the time of execution of the deed, not inconsistent with the deed, but consistent with the original written agreement of sale and oral building agreement. Being of opinion that there was sufficient evidence to go to the jury at least on the claim for the insulation and furnishing the two front cellar windows, the judgment must be reversed and the case remanded for a new trial as the trial judge ordered that a new trial be granted if the judgment were reversed by this Court.

As the original building agreement was oral, and likewise the ultimate agreement to finish unfinished work, and the appendices properly do not contain all the testimony, and furthermore the case must be retried, we intimate no opinion as to how far, if at all, the terms of the oral agreement may be established as undisputed facts and how far they may present questions for the jury. *Roberts v. Bonaparte*, 73 Md. 191, 20 A. 918, 10 L. R. A. 689.

*Judgment reversed with costs, for a new trial.*