Plaintiff-appellant entered into a contract to purchase from defendants certain vacant lots in Union County. The contract was on a form published in New York, which contained the following printed clause:
"Unconfirmed improvements or assessments, if any, shall be paid and allowed by the seller on account of the purchase price, if the improvement or work has been completed on or before * * *"
The space for a date was not filled in when the contract was executed but the clause was left to read exactly as quoted *Page 109 
above. Five months after the delivery of the deed and payment of the consideration, an assessment was made and confirmed against the property for a local improvement that had been completed prior to the date of the contract of sale. Plaintiff paid the assessment and brought this suit for reimbursement under the above clause. The District Court rendered judgment for the defendants.
Plaintiff urges that the clause, properly construed, obligated the defendants to pay assessments for improvements completed before the contract of sale was signed; that the word "and" in the second line should be read "or" and the words "on or before" should be disregarded. Defendants claim that the date which should have been inserted in the blank space is of the essence of the covenant, and without it the whole is inoperative for the lack of a date shows that the minds of the parties did not meet on this particular item.
The contract before us is illustrative of a situation that has become rather common with the general use of printed forms containing much that is irrelevant to the particular bargain. Such matter, considered harmless, is often not struck out but remains in the contract as executed. Here, more than half of the printed matter relates to buildings on the premises, although the subject of the contract is vacant land; a covenant for liquidated damages remains in the signed agreement, but since the amount has not been inserted, the covenant is meaningless. Perhaps all the printed clauses, in which appear no typewritten words, ought to be disregarded on the theory that they do not express the intention of the parties, and remain unerased through mere carelessness. But we cannot take that course. We must start with the assumption that all the words, printed or written, above the signatures are part of the contract, and that the parties intended each covenant to be effective. A construction is favored that gives to the covenant a reasonable meaning and the certainty which is essential to an enforceable contract. Rest. — Contr.,
§ 236; Bullowa v. Thermoid Co., 114 N.J.L. 205. "Indeed in giving effect to the general meaning of a writing, particular words are sometimes wholly disregarded, or supplied, or transposed. *Page 110 
Thus `or' may be given the meaning of `and' or vice versa, if the remainder of the agreement shows that a reasonable person in the position of the parties would so understand it." Williston —Contr., § 619.
The perfect tense in the phrase "if the improvement or work has been completed" properly denotes a period continuing to the moment the words are used, that is, to the time of execution of the contract. The added words "on or before" do not indicate that the parties failed to agree on a date, or that the vendors undertook no liability for unconfirmed assessments, but rather that the parties considered that the meaning was clear without the insertion of a date. In the first part of the covenant the word "or" should be substituted for "and" in order to accomplish what we have no doubt the parties intended. If the improvement assessment should reach such a stage by the time of closing title, that the amount were definite, the vendors would credit the amount on the purchase price and the vendee would pay the city the amount of the assessment. But if this course could not be, or were not, pursued, the vendors instead of making an allowance on the purchase price, would themselves pay to the city the amount of the assessment upon confirmation. Such we conceive to be the proper construction of the contract. The defendants' undertaking to pay assessments for any improvements that had been completed before the contract was signed, did not merge and become extinct upon delivery of the deed. Janitscheck v. MelbroRealty Co., 107 N.J.L. 450 (E. A. 1931); Dieckmann v.Walser, 112 N.J. Eq. 46; affirmed, 114 Id. 382 (1933).
The judgment will be reversed to the end that the District Court may award judgment to the plaintiff. *Page 111