JOHN RE, JR. and MILDRED RE, Plaintiffs, v. MAGNESS CONSTRUC- TION Co., a corporation of the State of Delaware, Defendant.

(*September* 30, 1955.)

LAYTON, J., sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for Plaintiffs.

*W. Thomas Knowles* for Defendant.

Superior Court for New Castle County, No. 416, Civil Action, 1955.

LAYTON, J.:

The authorities are uniform in holding that where a Deed is executed and delivered pursuant to a Contract of Sale of realty, the latter merges with the former and becomes void. This rule is clearly expressed in *Dieckman v. Walser,* 114 *N. J. Eq.* 382, 168 *A.* 582, 583, as follows:

"It is the general rule that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the

deed, not by the agreement. Until consummated, an executory contract is subject to modification. In all cases, the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one. * * *"

There is, however, an equally well recognized exception to the rule in cases where the Contract of Sale contemplates the performance of acts in addition to the conveyance. In this connection, the same court went on to say:

"* * * But where the stipulation is to do a series of acts at successive periods, or distinct and separable acts to be performed simultaneously, the executory contract becomes extinct only as to such of its parts as are covered by the conveyance. *Long v. Hartwell*, 34 *N. J. L.* 116. Covenants collateral to the deed are exceptions to this rule. And in *Bull v. Willard*, 9 *Barb., N. Y.*, 641, it is said: 'That the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to, or be connected with the title, possession, quantity or emblements of the land which is the subject of the contract.' "

To the same effect see *Stevens v. Milestone, Md.*, 57 *A.* 2d 292; *Raab v. Beatty*, 96 *Pa. Super.* 574; *Allen v. Currier Lumber Co.*, 337 *Mich.* 696, 61 *N. W.* 2d 138.

■ Defendant concedes the law to be as laid down by the above cited authorities but argues that the Contract in the case at Bar is merely for the conveyance of land, and, thus, indivisible. I do not agree. Clearly, the agreement calls for the performance of two separate acts, the conveyance of land improved by a dwelling and the building of a house in accordance with certain plans and specifications. This Contract falls within the exception to the rule. There is no merger.

Motion to dismiss denied.