William **LIBBY**, and Bernard Libby, t/a
Libby Bros., Appellants,

v.

**TRAKO BUILDERS**, Inc., Appellee.

No. 13503.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 19, 1957.

Decided March 28, 1957.

detailed findings on evidence taken and recommended an award of approximately $1200 on Trako's claim of more than $11,000. The jury subsequently awarded Trako $7000.

This appeal relies on three points: (1) Trako's acceptance of a deed pursuant to the contract of sale bars a claim on that contract; (2) the court erroneously admitted in evidence a copy of a letter on inadequate foundation; (3) the court failed to advise the jury of the nature of the offices and duties of the court-appointed Auditor.

■■ In our view the delivery and acceptance of a deed did not bar a claim for failure to perform the contract obligation to alter the grades and cut streets and alleys. This was an undertaking independent of the conveyance of title,[1] and thus survived delivery of the deed. Levin v. Cook, 1946, 186 Md. 535, 47 A.2d 505; Janitscheck v. Melbro Realty Corp., 1931, 107 N.J.L. 450, 154 A. 749, 84 A.L.R. 999. The fact that appellants had the contract obligation performed by another, or that such performance was by virtue of a contract previously made, and whether Trako knew or did not know how or by whom the grading was to be done is not material. There is likewise no merit in appellant's contention that appellee's settlement of the underlying contract of sale constituted a waiver of the performance of the grading obligations.

■ The contents of the challenged letter exhibit formed no significant link in proof of Trako's case and we do not think that its admission, even if on inadequate foundation, affected the substantial rights of appellants. The letter was offered and received essentially to show that Trako had made a prompt complaint and was not guilty of delay or laches; in this regard the letter was cumulative in effect.

Mr. Frederick W. Grey Leslie, Washington, D. C., with whom Mr. H. Max Ammerman, Washington, D. C., was on the brief, for appellants.

Mr. Maurice Friedman, Washington, D. C., with whom Mr. Maxwell A. Ostrow, Washington, D. C., was on the brief, for appellee.

Before BAZELON, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellants made a contract with Trako Builders, Inc., appellee, to sell 36 building lots on which Trako later erected dwellings. The contract provided that settlement was to be made "as soon as grading is finished." The contract further provided, "Streets and alleys [are] to be cut to grade and lots to be graded no more than 3 feet above these grades."

Pursuant to a prior contract with appellants a third party contractor was engaged to do the grading. Settlement including delivery of deed was made after appellants advised Trako grading was complete.

Thereafter Trako learned that the grading, while partially accomplished, had not been completed in compliance with either the specific terms of the contract or the requirements of the District of Columbia. Discussions between these litigants were had concerning the asserted failure to do the grading and cut an alley but the matter was not resolved. After commencement of an action in the District Court, the case was referred to the Auditor of the court to take testimony and make findings and recommendations. The Auditor made

---

1. "Nor does acceptance of the deed terminate any covenants or stipulations of the contract which are not in their nature satisfied by delivery of an instrument whose purpose is to transfer title * * *."

3 American Law of Property § 11.65, p. 166 (Casner ed. 1952). See also 3 Williston, Contracts § 645 (rev. ed. 1936); Restatement, Contracts §§ 240(1) (b), 413, illustration 2 (1932).

■ The third point urged is that the jury was left with an inadequate basis for appraising and evaluating the report, findings and recommendations of the Auditor in that "the nature of the office and duties of the Auditor" were not fully explained. The entire report, findings and recommendations of the Auditor were in evidence. The descriptions of the Auditor's part in the case by both counsel and by the court coupled with the product of his work adequately informed the jury of the Auditor's function.

The judgment appealed from is

Affirmed.