Hillsborough,
No. 4746.

JOHN H. POWELL *v.* L. HELEN GAGNE.

Argued September 1, 1959.

Decided October 6, 1959.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Frederick W. Branch* (*Mr. Bergevin* orally), for the plaintiff.

*Devine, Millimet & McDonough* and *Matthias J. Reynolds* (*Mr. Reynolds* orally), for the defendant.

KENISON, C. J. There is evidence in the record that the plaintiff was proceeding in an easterly direction as the defendant was proceeding in a westerly direction on a public highway. The plaintiff's speed is not indicated while the defendant's speed was approximately five miles per hour as she was making a left turn, with her directional lights on, into the entrance of the Moore General Hospital immediately behind another car which had made a like turn in safety. The plaintiff applied his brakes to permit the first car to turn into the entrance. The defendant's left front wheel was across the center of the highway when hit by the plaintiff's automobile. The damage to the defendant's automobile was on the left side and the point of impact on the plaintiff's automobile was the left front headlight. The defendant's automobile was forced back seventeen feet from the point of impact. The plaintiff testified that he did not skid but an officer investigating the accident testified that the plaintiff's automobile left "skid marks . . . fourteen feet from the point of collision." There was evidence that the plaintiff did not notice the defendant's automobile until it was too late to avoid a collision and that the "next thing [the plaintiff] knew, this other car [defendant's] was right in my lap."

There is little doubt that there was sufficient evidence to warrant a finding of the defendant's negligence. *Belanger* v. *Berube*, 88 N. H. 191; *Vakalis* v. *Smart*, 98 N. H. 156. This was clear to the Trial Court since in denying the motion to set aside the verdict for the defendant, he stated that the defendant "was negligent" and "there isn't any question about that." Consequently the motion to set aside the verdict for the defendant can be sustained only if there was no evidence of contributory negligence on the part of the plaintiff.

The plaintiff's motion to set aside the verdict can prevail only if we can say there was no evidence to support the Court's finding or it involved a plain mistake. *Bennett* v. *Larose*, 82 N. H. 443; *Wisutskie* v. *Malouin*, 88 N. H. 242, 243; *Condiles* v. *Waumbec Mills*, 95 N. H. 127, 129. Since the Trial Court had the advantage of seeing and hearing the witnesses on the stand, we do not set aside the verdict merely because on the cold record we might draw different inferences on questions of fact. *Hahn* v. *Hemenway*, 96

N. H. 214, 215; *O'Brien* v. *Public Service Company*, 95 N. H. 79, 80.

The fact that the defendant was making a left turn and the plaintiff was proceeding straight ahead did not absolve the plaintiff of his reciprocal duty to use due care (*Ali* v. *Gingras*, 97 N. H. 289) or of the requirement that he should be free from contributory negligence. This is clearly indicated by the many cases involving this type of accident. *Rouleau* v. *Blotner*, 84 N. H. 539; *Mudgett* v. *McDonald*, 85 N. H. 508 and *L'Esperance* v. *Sherburne*, 85 N. H. 103; *Baker* v. *Salvation Army*, 91 N. H. 1; *Roy* v. *Levy*, 97 N. H. 36; *Paradis* v. *Greenberg*, 97 N. H. 173. See anno. 7 N. C. C. A. (3d) 427 (collision with motor vehicle making left turn into private driveway).

The Trial Court could have concluded that the plaintiff was guilty of contributory negligence either because he failed to keep a proper lookout or was inattentive to the existing traffic hazards. While the evidence of the plaintiff's speed is not indicated in miles per hour, there was evidence from the damage to the vehicles, the skid marks and the point of impact showing an unreasonable speed under the circumstances existing immediately prior to the accident. There was no indication from the record that the Trial Court fell into error or mistake in rendering its verdict. Accordingly, the plaintiff's exception is overruled and the order is

*Judgment for the defendant.*

All concurred.