Hillsborough,
No. 4807.

Thomas J. Claveau *v.* Paul Plantier.

Submitted April 6, 1960.
Decided May 31, 1960.

488

*Antoine A. Guertin* and *J. Russell Widener* for the plaintiff.

*Leonard G. Velishka* and *Lucille K. Kozlowski* for the defendant.

KENISON, C. J. While the defendant denies that he made any oral agreement to supply additional materials to complete the unfinished house which he sold and conveyed to the plaintiff, he relies on the parol evidence rule to exclude such evidence in any event. *Wells* v. *Jackson Iron Mfg. Co.*, 47 N. H. 235; *Folsom* v. *Great Falls Mfg. Co.*, 9 N. H. 355. "The justification of the Parol Evidence Rule is that when parties incorporate an agreement in a writing it is a reasonable assumption that everything included in the bargain is set down in the writing. Though this assumption in most cases conforms to the facts, and the certainty attained by making the rule a general one affords grounds for its existence, there are cases where it is so natural to make a separate agreement, frequently oral, in regard to the same subject matter, that the Parol Evidence Rule does not deny effect to the collateral agreement

. . . So in connection with leases and other conveyances, collateral agreements relating to the same subject-matter have been held enforceable." Restatement, Contracts, *s.* 240 (1) (b), *comment* d. To the same effect is 3 Williston, Contracts (Rev. *ed.* 1936) *s.* 645, where there is listed a number of decisions where parol agreements made by the grantor in a deed as part of the transaction have been enforced citing *Kidd* v. *New Hampshire Traction Co.*, 74 N. H. 160 and *Webber* v. *Loranger*, 79 N. H. 3.

When the plaintiff accepted the deed from the defendant in which nothing was said of furnishing materials to complete the unfinished house, this did not discharge the defendant's oral agreement to do so. 3 American Law of Property (Casner *ed.* 1952) *s.* 11.65, *p.* 166. Restatement, Contracts, *s.* 413, illustration 2; 84 A. L. R. 1008; 38 A. L. R. (2d) 1310. The promise to furnish materials is similar to promises to make repairs and improvements and parol evidence is admissible against the grantor of land in such cases "even though the deed of conveyance said nothing of it." 3 Corbin, Contracts, *s.* 587, *p.* 299. See *Stevens* v. *Milestone*, 190 Md. 61. Considering the fact that the parties did not enter into any written purchase and sale contract, an agreement to supply materials in connection with the sale and conveyance .of the unfinished house was such "an agreement as might naturally be made as a separate agreement" without including it in the deed. Restatement, Contracts, *s.* 240 (1) (b); *McMahon* v. *Poisson*, 99 N. H. 182, 183. The defendant's oral promise to furnish materials was an undertaking independent of the conveyance of title proof of which the parol evidence rule did not preclude. *Levin* v. *Cook*, 186 Md. 535; McCormick, Evidence, *s.* 211, *p.* 432; IX Wig. Ev. (3d *ed.*) *s.* 2442. There was evidence to support the Court's verdict for the plaintiff.

*Judgment on the verdict.*

All concurred.