Belknap,
No. 6149.

HAIG GULEZIAN *& a.*

*v.*

FORREST F. MANCHESTER, JR., *& a.*

April 28, 1972.

*Sanders & McDermott* and *Peter F. Kearns* (*Mr. Kearns* orally) for the plaintiffs.

*Cooper, Hall & Walker* and *Donald F. Whittum* (*Mr. Whittum* orally) for the defendants.

Griffith, J. Plaintiffs' petition for an injunction and other relief was dismissed after trial in the superior court by *Keller,* C.J., who reserved and transferred plaintiffs' exceptions.

The defendants are developers of Treasure Island on Lake Winnipesaukee and laid out lots for sale on the shore of the island with the center retained for eventual common ownership by the purchasers of lots. In 1966 plaintiffs entered into a purchase and sale agreement for lots No. 1 and No. 1A on the island as shown on a plan of lots prepared by the defendants. Adjacent to lot No. 1A the plan showed a fairly substantial area of shoreland designated "Owners Retained" and not laid out in lots. There was evidence that the plaintiffs were informed at the time of the purchase and sale agreement that defendants planned to build in that area. The agreement of purchase also incorporated certain proposed restrictions on the use of the lots purchased by buyers.

Sometime after the plaintiffs completed the purchase of lots No. 1 and No. 1A they learned that the defendants proposed to subdivide and sell at least part of the area designated on the plan as "Owners Retained." Plaintiffs in their bill in equity sought an injunction against any subdivision or sale by the defendants of the "Owners Retained" area.

No special findings were requested of or made by the trial court and the sole issue on appeal is whether the evidence required the trial court to grant the injunction against subdivision or sale by the defendants.

The plaintiffs have based their prayer for injunction on a claim that the phrase "Owners Retained" on the plan coupled with the information that the owners intended to build a home in that area implied a promise that the area would not be subdivided or sold by the owners. The evidence did not require the trial court to accept this claim as correct and we would be warranted in sustaining dismissal of the petition on this ground alone. *Powell* v. *Gagne,* 102 N.H. 256, 154 A.2d 750 (1959); *Fournier* v. *Kattar,* 108 N.H. 424, 238 A.2d 12 (1968). However the events subsequent to the agreement of sale provide evidence completely contrary to plaintiffs' theory of an implied promise.

The restrictions in the agreement of sale were redrafted

at the time of conveyance and the plaintiffs' deed was made subject to these redrafted restrictions which were incorporated by reference and recorded simultaneously with their deed. There was evidence that these restrictions were read and accepted by the plaintiffs at the time of the closing. The only reference in this case to subdivision of land on the island is contained in the recorded restrictions and reads as follows: "None of the lots as conveyed shall be subdivided into any smaller lots .... These restrictions shall not apply to land retained by the owners."

The language excepting the land retained by the owners from the subdivision restriction is an absolute bar to the plaintiffs. The claimed implied promise cannot be considered a collateral matter unmentioned in the deed as in *Claveau* v. *Plantier*, 102 N.H. 487, 161 A.2d 166 (1960). Here the language of the deed is the opposite of plaintiffs' claimed understanding and supports the dismissal of their petition. *Wells* v. *Company*, 47 N.H. 235 (1866); *Association* v. *Drill Company*, 66 N.H. 267, 20 A. 330 (1890); *Redlon Company* v. *Corporation*, 89 N.H. 137, 195 A. 348 (1937); Annot., 38 A.L.R. 1310 (1925); 6 Powell, Real Property para. 902 (1968).

*Exceptions overruled; petition dismissed.*

GRIMES, J. did not sit; the others concurred.