James L. PRYOR and Dorothy Pryor, his wife, Plaintiffs,

v.

Louis A. AVIOLA, Sr., and Angelina M. Aviola, his wife, Defendants.

Superior Court of Delaware, New Castle.

Jan. 29, 1973.

Joseph H. Flanzer, of Flanzer & Isaacs, Wilmington, attorney for plaintiffs.

Julius Komissaroff, of Berg, Taylor & Komissaroff, Wilmington, attorney for defendants.

## OPINION

CHRISTIE, Judge.

In this action plaintiffs seek to recover damages for an alleged misrepresentation by the defendants in connection with the sale of a parcel of land. Defendants have moved for summary judgment, and this is the decision on that motion.

### I

On January 12, 1971, the plaintiffs, James Lee Pryor and his wife, Dorothy Pryor, contracted with the defendants, Louis A. Aviola, Sr., and his wife, Angelina M. Aviola, to purchase from the defendants a parcel of land. The agreement of sale contained the following sentence:

> "Both parties may proceed at anytime to have the trees cut down and to have the entire lot filled to grade."

Plaintiffs contend that at the closing on June 15, 1971, that sentence was read to the defendants and they were asked whether there were any restrictions against complying with this or any other provision of the agreement. They say that Angelina

Aviola remained silent and Louis A. Aviola, Sr., replied, "No."

The defendants' version of the discussion at the settlement differs in that they say that they were questioned only about restrictions going to the passage of title, and that they were not asked specifically about restrictions on filling the land.

Sometime during January, 1972, plaintiffs learned that the land could be filled only if a permit were obtained from the New Castle County Department of Public Works (Department), and that no such permit would be issued by that Department because of a report published by the U. S. Army Corps of Engineers in February, 1971. The permit was required by New Castle County Ordinance No. 67–14, which has been in effect at all times relevant to this case.

At the same time that the plaintiffs learned that they could not fill the land without a permit and that no permit would be issued, they also discovered that the Department had twice been in contact with the defendants before the parties entered into the agreement of sale. On May 20, 1970, the Department notified the defendants by letter that filling operations on the land must be halted, pending an inspection and on June 9, 1970, the Department informed the defendants that no further filling could be done without the required permit.

The plaintiffs contend that the land is worthless to them if it cannot be filled, and that the defendants are guilty of misrepresenting to them that the land could be filled.

II

█ It is fundamental that the defendants may be granted summary judgment only if they show that there is no issue as to a material fact and that they are entitled to judgment as a matter of law.

█ ˌThe defendants argue that the doctrine of merger compels a finding in their favor as a matter of law. That doctrine is that as a general rule after a property has been conveyed to a purchaser, the rights of the parties are to be determined by the covenants of the deed and not by the agreement of sale. The agreement is said to merge with the deed and become void. Re, Jr., et al. v. Magness Construction Co., 10 Terry 377, 117 A.2d 78 (Del.Super. 1955). But, there are exceptions to the rule and a crucial one here is that the rule does not apply where there is a fraudulent concealment by the seller. Holley v. Jackson, 39 Del.Ch. 32, 158 A.2d 803 (1959).

Professor Corbin suggests that the phrase "merger by deed" is "merely a 'handy' phrase, of convenient uncertainty and obscurity, that it used so as to avoid the necessity of clear thinking and accurate analysis." 6 Corbin on Contracts § 1319 at 310.

In the ordinary case, where no "fraud" or misrepresentation is alleged, the plaintiff is attempting to prove the earlier agreement and to enforce a duty created therein but not found in the deed. 6 Corbin on Contracts § 1319. The courts, when they apply the doctrine of merger, hold that the duty has been "merged" in the deed and discharged. Professor Corbin suggests that in these cases a more precise description of the result would be that the earlier contract is discharged by accord and satisfaction or by a substituted contract. The doctrine is sometimes also confused with the parol evidence rule. See *Corbin, supra,* §§ 1319 at 316, 587 at 506.

█ In any case, it is clear that the doctrine makes sense and should be applied only where the plaintiffs action arises from the terms of the contract.

█ Where, as here, an allegation of fraud is involved, the plaintiff complains not of the defendants' breach of a duty undertaken by the terms of the earlier agree-

ment, but rather of the defendants' breach of the broader and independent duty not to misrepresent material facts. See Prosser, The Law of Torts (4th ed.) § 105. "Merger by deed" speaks to the obligations of parties under contract law; those obligations are not in issue in a tort action for misrepresentation. The doctrine therefore cannot apply to this action.

A contrary rule would work the absurd result of a fraudulent vendor being insulated from legal liability by his very success in obtaining the consummation of the sale.

Defendants argue that the plaintiffs have failed to make out all of the elements of actionable fraud.

 The difficulty is that defendants' arguments cannot prevail as long as a dispute exists concerning the defendants' intent. Whether the defendants' subjective intent was to deceive the plaintiffs is an issue question of fact properly to be decided by a jury. See Continental Oil Co. v. Pauley Petroleum, Inc., Del.Supr., 251 A.2d 824 (1969). The Court cannot say as a matter of law that the plaintiffs have failed to make out a case without assuming that there was no such intent.

Defendants rely heavily upon the argument that the plaintiffs had no right to rely upon any representations the defendants may have made concerning the lack of restrictions on filling the land, because the County Ordinance is a public act, notice of which must be charged to plaintiffs. But a party guilty of concealment of a material fact is not relieved by the law of constructive notice, Holley v. Jackson, 39 Del.Ch. 32, 158 A.2d 803 (1959); 37 Am.Jur.2d, Fraud and Deceit, §§ 262–63.

Defendants also argue that the contractual language at issue was merely a permission to fill and not a representation that it could be done legally and, in any case, the representation cannot be said to have been false, because the Corps of Engineers report which foreclosed further permits were not issued until after the date of the agreement. If the Court were to accept these arguments as determinative, it would also in effect be finding, as a matter of fact, that the defendants never intended to deceive the plaintiffs into believing that there were no restrictions upon filling the land. Yet, the language in the agreement and the plaintiffs' supported allegation as to the discussions at the closing are at least consistent with the plaintiffs' theory that defendants intended to mislead the plaintiffs into believing that there were no such restrictions.

The defendants also contend that the question of whether the land could be filled was not material to the transaction. This contention is without merit under the possible findings of fact in this case.

Defendants' motion for summary judgment is, therefore, denied.

It is so ordered.