JOHN H. FALCONER Permanent Trustee of JOHN
W. CLARK, *vs.* JOHN W. CLARK and DAVID
GRIFFITH.

To avoid a deed under the acts of 1812, ch. 77, and 1816, ch. 221, it is not
enough that the grantor was insolvent at its date, and that the grantee
knew it, but the undue preference must be given, "with a view or under
an expectation at the time of taking the benefit of the insolvent laws,"
and this must be averred in the bill assailing the deed.

The 1st section of the act of 1834, ch. 293, is confined to the city and county
of Baltimore, and its proviso prevents its application to cases where the
grantee had no notice of the insolvent condition of the grantor.

The notice required by this act to vitiate the conveyance, is not a technical
or constructive notice, but an actual notice derived from a knowledge of
the condition of the grantor, and the plaintiff, where the answer denies it,
must prove such actual notice at the date of the deed.

The 2nd section of the act of 1845, ch. 139, condemns transfers, though made
at the request or on the demand of the creditor, but allows them to stand,
unless made with a view and under an expectation of taking the benefit of
the insolvent laws, and where this intent is denied by the answer, the plain-
tiff must prove it.

The grantor in a deed was indebted to a partnership firm, which was indebted
to G., one of its partners, the grantee in the deed, and who purchased the
property conveyed by it, and it was agreed that the purchase money should
be charged on the books of the firm to G., and credited to the grantor,
which was done; HELD:

That K., another partner of the firm, was a competent witness for G., in a
suit in which the validity of the deed was attacked, by the creditors of the
grantor.

A vendor selling in good faith, is not responsible for the goodness of his title
beyond the extent of the covenants in his deed.

APPEAL from the Court of Chancery.

This was a bill filed by the appellant as permanent trustee
of Clark, who had applied for the benefit of the insolvent
laws on the 11th of December 1850, to vacate a deed exe-
cuted by the insolvent on the 26th of September 1850, con-
veying a house and lot to the appellee Griffith, as fraudulent
against the creditors of the grantor. The allegations of the
bill and answer, and the facts of the case, are fully stated in
the opinion of the chancellor, (JOHNSON,) reported in 3 *Md.*

23      v.7

Burgess *vs.* Lloyd.

*Ch. Dec.*, 151, where the principles above stated were decided, and as the opinion of this court simply affirms the decree of the chancellor dismissing the bill, for the reasons assigned in the opinion there reported, no further statement or report of the case here is deemed necessary.

The cause was argued before LE GRAND, C. J., ECCLESTON, and MASON, J., by *Coleman Yellott* and *Grafton L. Dulany* for the appellant, and *St. George W. Teackle* for the appellees.

ECCLESTON, J., delivered the opinion of this court.

After a careful examination of the chancellor's opinion in this case, we think the reasons assigned by him, sustained the propriety of his decision in dismissing the bill.

Looking at the proof in connection with the answers filed in the cause, we do not perceive how the chancellor could have held the deed to be void, either under our insolvent laws, or under the statute of the 13*th of Elizabeth.* We therefore affirm the decree with costs to the appellees in this court.

*Decree affirmed.*