## BARRIE ET UX. *v.* ABATE ET UX.
[No. 151, October Term, 1955.]

*Decided April 10, 1956.*

580

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS and HENDERSON, JJ.

*A. Frederick Taylor* and *Arnold Fleischmann*, with whom were *H. Richard Smalkin, Smalkin, Hessian, Martin & Taylor* on the brief, for appellants.

*Frank H. Newell, III*, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was brought in the Circuit Court for Baltimore County by Alford Barrie and Sylvia Barrie, his wife, purchasers of realty, to recover damages from Nicholas J. Abate and Metha Abate, his wife, the vendors, for alleged breach of contract.

By the contract, executed on March 23, 1953, the vendors agreed to sell to the purchasers a parcel of land located on Deerfield Road in Colonial Village at Pikesville, to be improved by a brick dwelling which the vendors promised to build in accordance with plans and specifications and to complete on or about August 1, 1953. It was mutually agreed that the property would be subject to an annual ground rent of $120 to be created for a term of 99 years. The purchasers agreed to pay the sum of $16,500 for the property, $1,000 of which was paid at the execution of the contract, the balance to be paid at the time of settlement. Settlement was made on July 14, 1953.

Plaintiffs alleged that defendants promised to build the house in accordance with plans and specifications on file with the Federal Housing Administration; and that they

did not make settlement until after defendants assured them that they had complied with all of the terms of the contract and would repair any defects in the house. Plaintiffs then alleged that they moved into the house immediately after the settlement, and put some of their furniture and a lot of merchandise in the cellar; and that there was a heavy rain that night, and in the morning when they went to the cellar they were astounded to find water about four feet deep surrounding practically all of the furniture and merchandise. They then alleged that they requested Abate to remedy the condition, but he refused to make any repairs, stating that plaintiffs had settled for the house and defendants had delivered a deed therefor; and that they accordingly engaged a building contractor to inspect the house, and he made various recommendations to improve the cellar, rear porch, front porch, and other parts of the house, all of which would require plaintiffs to spend the sum of $1,485 to make the house conform to the covenants of the contract. They further alleged that the water that flooded the cellar damaged their clothing and merchandise, and that the damages were the result of the negligence of defendants in failing to construct the house in accordance with the terms of the contract.

At the trial in the Court below, Barrie proffered to testify: (1) that both before settlement and again at the time of settlement Abate stated that there might be some leaks in the cellar and other things which are natural when a new house settles, and that he would come back from time to time to make the necessary corrections; (2) that the house was not properly built, and he requested Abate to make the necessary repairs, but he refused to do so; (3) that it became necessary to engage another contractor to make the cellar watertight; (4) that when the backfill was excavated around the house he saw that the parging did not extend throughout the entire depth of the foundation, but was only partially completed; (5) that the backfill was done in a careless and negligent manner; and (6) that he was required to pay the contractor $600 to do the waterproofing work.

Plaintiffs also proffered testimony of Mrs. Barrie and George Blake, the contractor, and also Clarence C. Gebb, Chief Building Inspector of Baltimore County, and F. L. W. Moehle, an architect, to show that the house was not built in accordance with the plans and specifications.

The trial judge refused to admit the proffered testimony. He gave the following explanation for his ruling:

"The Court * * * is of the opinion * * * that oral statements and promises as referred to by you, even if made, are without any consideration, and cannot form the basis of an action such as this brought after the plaintiff has completed the settlement and accepted the deed, for the reason that promises made to induce someone to carry out his contract of sale are without consideration, and * * * that unless there is a collateral agreement, an enforceable collateral agreement, the execution of that deed, acceptance of that deed, and that settlement wiped out and canceled all promises or all matters that arose before that; that in order to maintain an action for damages resulting from a damp cellar, or cellar with water in it, after the acceptance of the deed, it would have been necessary for there to have been in that contract of sale itself a provision referring to that cellar, or guaranteeing the cellar against dampness, or guaranteeing that it would be waterproof for a period of time beyond the date of the deed."

Defendants thereupon moved for a directed verdict on the ground that there was no evidence legally sufficient to justify a verdict in favor of plaintiffs. The judge granted that motion, and a verdict was entered in favor of defendants. Judgment was entered on the verdict, and plaintiffs appealed from the judgment.

It is an accepted rule that a *prima facie* presumption arises from the acceptance of a deed that it is an execution of the entire agreement for the sale of the realty,

and the rights of the parties in relation to the agreement are to be determined by the deed. However, parol evidence may be given of collateral facts relating to an agreement for the sale of realty, even though a deed has been executed, if the facts are consistent with the deed and do not tend to contradict it. *Stevens v. Milestone,* 190 Md. 61, 65, 57 A. 2d 292; *Edison Realty Co. v. Bauernschub,* 191 Md. 451, 458, 62 A. 2d 354.

It is true that where defects in the work of construction of a building are known or ought to be known by the purchasers of it, but no complaint about the quality of the work is promptly made by them, acceptance of the property by them will discharge any right which they might have had to damages for the defects. *Laurel Realty Co. v. Himelfarb,* 194 Md. 672, 678, 72 A. 2d 23. However, the law will not raise a presumption that the right to damages for defects in the work of construction has been discharged by acceptance of the property by the purchasers, unless there has elapsed a length of time unreasonable under the circumstances without any complaint by the purchasers. *Lohmuller Bldg. Co. of Baltimore City v. Barrett,* 146 Md. 617, 626, 127 A. 482; *Hammaker v. Schleigh,* 157 Md. 652, 666, 147 A. 790, 65 A. L. R. 1285; *Garbis v. Apatoff,* 192 Md. 12, 19, 63 A. 2d 307.

In the present case the vendors made two distinct promises: (1) to sell and convey a parcel of land, and (2) to build a brick dwelling on the land. The specifications for waterproofing called for "2 coats asphaltum; parged below grade; stucco above grade." The proffered testimony dealt largely with defects which were not known or readily discoverable by the purchasers. Any testimony which dealt with such defects which were not patent at the time of the settlement was admissible. The rejection of the proffered testimony was reversible error. We must therefore reverse the judgment entered in favor of defendants and award plaintiffs a new trial.

*Judgment reversed and case remanded for a new trial, with costs.*