# KANDALIS ET UX. *v.* PAUL PET CONSTRUCTION COMPANY, INC.

[No. 194, October Term, 1955.]

320

*Decided June 15, 1956.*

The cause was argued before Brune, C. J., and Dela-plaine, Collins, Henderson and Hammond, JJ.

*John T. Enoch,* with whom were *Philip H. Goodman* and *Goodman, Meagher & Enoch* on the brief, for the appellants.

*Alleck A. Resnick,* with whom was *Jacob Kartman* on the brief, for the appellee.

Delaplaine, J., delivered the opinion of the Court.

Robert Kandalis and Marian Kandalis, his wife, purchasers of real estate in Baltimore County, instituted this suit in the Circuit Court for Baltimore County to recover damages from Paul Pet Construction Company, Inc., the seller, for alleged breach of contract.

The declaration filed on March 8, 1955, alleges substantially as follows:

(1) By a contract executed on August 24, 1953, defendant agreed to sell to plaintiffs a parcel of land, together with a dwelling to be erected thereon "similar in nature to a sample house", for the sum of $19,173. The contract provided that the dwelling was to be built at 7610 Carla Road "in substantial compliance with D Home," with certain additions and exceptions. The additions included a rear inside wall of utility room and kitchen extended four feet, extended patio roof and storage wall, and a 1,000-gallon septic tank. No specifications, however, were attached to the contract.

(2) Plaintiffs made settlement for the property on March 15, 1954, when defendant guaranteed that the premises were completed according to the contract. Plaintiffs paid the entire balance due for the property in reliance upon defendant's assurances.

(3) The following work provided for in the contract was not done, completed, or performed in a workmanlike manner: (a) The aquastat in the house is defective and not in proper working condition; (b) the heating system does not give sufficient radiation by way of baseboard heating; (c) there is insufficient rock-wool insulation between the rafters, in the air space between the cinder-block wall and the inside of the dry wall, and above the closets and behind the kitchen cabinets; (d) the thermostat is defective; and (e) the escape valve on the septic tank adjacent to the house is in a defective condition.

(4) Plaintiffs made numerous demands upon defendant to correct the defective work, but defendant failed and refused to do so. Plaintiffs made final written demand upon defendant on January 26, 1955.

Defendant demurred to the declaration on the ground that any assurances it may have given to plaintiffs were merged in the deed. The Court sustained the demurrer without leave to amend, and entered judgment in favor of defendant. Plaintiffs appealed here from that judgment.

We have often stated the general rule that the acceptance of a deed of real estate gives rise to a *prima facie* presumption that it is an execution of the entire contract of sale, and the rights of the parties in relation to the contract are determined by the deed. But acceptance of a deed does not effect a merger of collateral agreements where it appears that the deed is only a partial execution of the contract. *Rosenthal v. Heft,* 155 Md. 410, 418, 142 A. 598; *Levin v. Cook,* 186 Md. 535, 539, 47 A. 2d 505. Parol evidence may be given as to collateral facts relating to the sale of real estate if such evidence is consistent with the deed and does not tend to contradict it.

Where a contract for the sale of a parcel of land calls for

the construction of a house thereon in accordance with plans and specifications, the mere fact that the purchasers take possession when the building is completed does not necessarily constitute a waiver of defects or an acceptance of the contractor's workmanship. The law will not raise a presumption that the right of the purchasers to damages for defects in the work of construction has been discharged by their acceptance of the property unless there has elapsed an unreasonable length of time without any complaint by the purchasers. However, where defects in the work of construction of a building are known or readily discoverable by the purchasers of the property, and no complaint about the quality of the work is promptly made by them, their acceptance of the property discharges any right to damages which they might have had for the defects. *Stevens v. Milestone*, 190 Md. 61, 57 A. 2d 292; *Edison Realty Co. v. Bauernschub*, 191 Md. 451, 458, 62 A. 2d 354; *Laurel Realty Co. v. Himelfarb*, 191 Md. 462, 471, 62 A. 2d 263; *Garbis v. Apatoff*, 192 Md. 12, 19, 63 A. 2d 307; *Laurel Realty Co. v. Himelfarb*, 194 Md. 672, 678, 72 A. 2d 23; *Barrie v. Abate*, 209 Md. 578, 121 A. 2d 862.

It is also thoroughly understood that where a contract for the construction of a house expressly provides that certain plans and specifications are a part of the contract, they will control with the same force as though incorporated in the contract itself. *Gaybis v. Palm*, 201 Md. 78, 93 A. 2d 269; *Ray v. Eurice*, 201 Md. 115, 93 A. 2d 272. It is true that in this case no specifications were attached to the contract. However, defendant agreed to build the house for plaintiffs "in substantial compliance with D Home," with certain additions and exceptions. If D Home was a sample house with which the seller and the purchasers were familiar, the fact that no specifications were attached to the contract would not preclude plaintiffs from recovery for defendant's failure to construct the house in accordance with the understanding of the parties.

The declaration in this case alleged that there were certain defects in defendant's work; that plaintiffs made demands

upon defendant to remedy the defects; but that defendant refused to comply with those demands. Plaintiffs alleged that there were defects in the heating system and the insulation of the house, and also in the escape valve on the septic tank outside the house. The only allegation of any guarantee was that at the time of the settlement defendant guaranteed that the premises had been completed according to the contract. The declaration is deficient in that it fails to allege (1) that the defects were not visible on inspection of the premises at or before the settlement, and (2) that plaintiffs complained to defendant of the defects within a reasonable time after they discovered them. Some of these alleged defects may have been visible. If so, they were waived by plaintiffs when they accepted the deed.

The contract in this case was described as Standard Contract of Sale approved by the Real Estate Board of Baltimore. The transaction was made by Melvyn Goldman, Inc., realtor, of Baltimore. The declaration alleged that settlement for the property was made on March 15, 1954. It also alleged that the final demand upon defendant to remedy the defects was made about ten months after settlement. Suit was not instituted until March 8, 1955, almost a year after the delivery of the deed. Even if plaintiffs allege that they requested defendant to correct the defects, they must also allege that the defects were due to defendant's omissions or defective construction, and that they made prompt demand on defendant to correct them.

Although the Court below acted correctly in sustaining the demurrer, we are of the opinion that plaintiffs should have an opportunity to amend the declaration by supplying the deficiencies so that the case may be tried on its merits. We will therefore affirm the judgment and remand the case with leave to plaintiffs to file an amended declaration within such time as may be fixed by the Court below. *Burkhouse v. Duke,* 190 Md. 44, 47, 57 A. 2d 333; *Piper v. Jenkins,* 207 Md. 308, 320, 113 A. 2d 919.

> *Judgment affirmed and case remanded,*
> *the costs to be paid by appellants.*