MILLISON ET AL. *v.* FRUCHTMAN ET AL.

[No. 42, September Term, 1957.]

*Decided November 15, 1957.*

516

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Arthur B. Hanson* for the appellants.

*W. Aleck Loker*, with whom were *W. M. Loker, Jr., J. Edward Burroughs, Jr.*, and *Loker, Wigginton & Loker* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

On March 2, 1957, the appellants filed a bill of complaint in the Circuit Court for St. Mary's County to restrain a breach of a restrictive covenant and an alleged nuisance. The Chancellor sustained a demurrer to the bill, with leave to amend and amplify the allegation as to nuisance, and, the appellants declining to amend, dismissed the bill. The appeal raises only the question as to the restrictive covenant.

The bill alleges that on December 20, 1947, the appellants entered into a written agreement with Jack Fruchtman for the sale of a lot of ground on the west side of Coral Place in Lexington Park. The agreement was recorded in the land records and contained a clause reading as follows: "It is further agreed that the land herein conveyed shall be used for a theater, only, to face the west, and also for professional, business and commercial offices. A Store will also be permitted subject to the written approval of Hiram Millison." Another clause provided for parking space sufficient to ac-

commodate 140 cars, in a "Community Parking Space" laid out by the appellants in the vicinity. The appellants covenanted that they would not permit the building of a theater on their remaining land, and the parties agreed that the agreement should bind their respective heirs and assigns.

On February 5, 1948, a deed was executed and recorded conveying the lot to Fruchtman, the appellee Dean and another party who no longer has an interest in the property. The deed conveyed the lot in fee simple and conveyed certain easements in the adjacent roads and sidewalks and in the "Community Parking Space" as set forth in the recorded contract of sale, "subject to the terms and conditions therein set forth relating to Community Parking Space". It contained a covenant "that the land herein conveyed shall not be used for the purpose of engaging in, operating, conducting, or managing the business of a bus depot, dairy bar, liquor bar, package liquor store, mechanical vending device or drug store; provided, however, that this covenant shall terminate automatically on the 4th day of September, 1951, unless terminated sooner by the Grantors." The grantors covenanted that they would not build, or permit the building of, a theater on their lands within the area. These covenants were declared to be binding on heirs and assigns.

The bill alleges that the appellees are violating the covenant contained in the contract of sale, by using the premises conveyed for the operation of a hotel, rental of living quarters to transients, rental of automobiles and hiring of taxicabs, to the irreparable damage of the appellants who own commercial properties north and south of the premises. The appellees contend, and the Chancellor found, that the restrictive covenants contained in the contract of sale merged in the deed, or were rescinded by the adoption of inconsistent restrictions in the deed. The Chancellor said: "The conveyance was totally inconsistent with the prior contract in so far as perpetual restrictions were concerned. There is nothing in either document to show the parties intended that the restrictions contained in the contract were to survive. On the contrary, if the parties did intend that the original contract restrictions were to survive, there was no need to include in the deed the

3½ year business restrictions, for those businesses would have been outlawed in perpetuity under the original contract." We may add that where the provisions of the contract in respect to the parking area were adopted in the deed, this was done by express reference.

The law of the case seems perfectly clear. It is the general rule that the acceptance of a deed conveying real estate gives rise to a *prima facie* presumption that it is an execution of the entire contract of sale and that the rights of the parties are to be determined by the deed. *Gilbert Constr. Co. v. Gross,* 212 Md. 402, 409, and cases cited. There is, of course, a recognized exception where it appears that the deed is only a partial execution of the contract, as where the contract calls for the construction of a house and the conveyance of a lot with the completed house on it. Cf. *Kandalis v. Paul Pet Constr. Co.,* 210 Md. 319, 322, and cases cited. That is not the situation here. As a matter of construction, it would appear that the deed was not a partial execution of the contract, and the covenant in the contract limiting the use to a theater, offices and a store, if authorized, is not collateral to, but is wholly inconsistent with, the covenant in the deed against certain specified commercial uses, limited in time. The appellants cite with approval a passage from 26 *C. J. S.,* p. 845, that "the intent of the parties is controlling, the question being one of construction, to be gathered from a consideration of the entire contents of the instruments, or from the instruments and surrounding circumstances." For present purposes we need not consider to what extent parol evidence might be admissible to show collateral facts consistent with and not contradictory of the deed. Cf. *Levin v. Cook,* 186 Md. 535, 539. Even if the question of construction were not free from doubt, as we think it is, it is the general rule that the deed should be construed strictly against the grantors and in favor of the free and unrestricted use of the land conveyed. *Yorkway Apts. v. Dundalk Co.,* 180 Md. 647, 650, and cases cited.

*Decree affirmed, with costs.*