HECKROTTE, Jr., et ux. v. RIDDLE, Sr.

[No. 159, September Term, 1960.]

*Decided March 28, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*J. Thomas Nissel* and *Raymond G. Thieme, Jr.,* with whom were *McDermott, Nissel & Thieme* on the brief, for appellants.

*William F. Mosner,* with whom were *Downes & Deitz* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

When the Circuit Court for Baltimore County sustained, without leave to amend, the demurrer of William E. Riddle, Sr. (seller-builder or appellee) to the amended two-count declaration of Carroll E. Heckrotte, Jr. and wife (buyers or appellants), the aggrieved buyers appealed.

Both counts of the amended declaration alleged that the appellants, as buyers, and the appellee, as seller-builder, entered into a written contract for the sale (and purchase) of a lot or parcel of land in Baltimore County and for the erection thereon by the seller-builder of a two-story house at and for the sum of $15,650, the property to be conveyed to the buyers when completed by a "good and merchantable title." The house having been erected, a conveyance of the property was made pursuant to the contract. Sometime subsequently, when the buyers discovered that the house had been so placed on the lot as to violate § 211.3 (side-yards) of the county zoning regulations (as well as a restrictive clause in a preceding conveyance), this suit was filed.

The first count of the amended declaration, sounding in contract, was concluded by alleging "that said defect was latent and not apparent from an inspection of the premises; that the [buyers] promptly notified the [seller-builder] of said defect; [and] that as a result thereof the [buyers] do not have a good and merchantable title to said property." While it does not specifically do so, the count implicitly alleges a breach of the sale and building contract.

The second count, sounding in tort, besides reasserting that the defect was latent and not apparent and that the buyers had promptly notified the seller-builder of the defect, further alleges that "as a result of the carelessness and negligence" of the seller-builder in placing the house on the lot and as a result of his "conduct and acts," the "value of the [buyers'] lot and improvements thereon has been severely damaged."

There was not an allegation of fraud or of misrepresentation in either count.

The seller-builder, by his demurrer, besides a general averment that the declaration failed to state a cause of action,

avers only that the defect could not have been latent because the buyers in their amended declaration admitted that the house was constructed prior to the time they accepted a conveyance of the property.

The question, simply stated, is whether the amended declaration states a cause of action, either in contract or in tort, for the failure of the seller-builder to properly place the house on the lot in accordance with the side-yard requirements of the county zoning regulations. It is true, of course, that in the building trade, the word "defect" is usually used in connection with the quality of the workmanship or the materials that go into the construction of a house or other building. But here, where the defect complained of was in the nature of an imperfection in the title to the property involving the boundary lines of the lot on which the house was erected, we are concerned with the problem of who had the duty of ascertaining the location of the unmarked property lines.

As to the action *ex contractu* then, the question is whether the buyers, under the circumstances in this case, were required to exercise the same reasonable diligence to ascertain the boundary lines of the lot as is required of buyers of real property with respect to other defects in a title. See *Blondell v. Turover*, 195 Md. 251, 72 A. 2d 697 (1950). We think the degree of diligence required was the same. Here, where it appears that the seller-builder did not point out the property lines or make any representation as to their location, it was the duty of the buyers to ascertain such lines for themselves either by an examination of the land records if that would suffice and by causing a location survey to be made if there was any doubt as to the exact location thereof. *Piper v. Jenkins*, 207 Md. 308, 313, 113 A. 2d 919 (1955). Without doing this it was not possible to ascertain with certainty whether there had been a violation of the side-yard requirements of the zoning regulations of which the buyers presumably had knowledge. Had they scrutinized the land records and made a location survey, they would have discovered the side-yard violation, and could not have been compelled to perform the contract of sale by accepting a convey-

ance of the property. See *Perlmutter v. Bacas,* 219 Md. 406, 411, 149 A. 2d 23 (1959), and the authorities and cases therein cited. Or, if they were willing to take the property free of the defect they could have requested postponement of final settlement until such time as the defect had been remedied to their satisfaction. Instead they elected to accept a deed. In circumstances such as these, this Court, in stating the applicable general rule, has consistently said that "the acceptance of a deed conveying real estate gives rise to a *prima facie* presumption that it is in execution of the entire contract of sale and that the rights of the parties are to be determined by the deed." *Millison v. Fruchtman,* 214 Md. 515, 518, 136 A. 2d 240 (1957). Other cases stating the general rule include *Gilbert Const. Co. v. Gross,* 212 Md. 402, 129 A. 2d 518 (1957); *Kandalis v. Paul Pet Constr. Co.,* 210 Md. 319, 123 A. 2d 345 (1956); *Barrie v. Abate,* 209 Md. 578, 121 A. 2d 862 (1956). The demurrer to the action *ex contractu* (set forth in the first count) was properly sustained without leave to amend.

The demurrer to the action *ex delicto* (set forth in the second count) was also properly sustained. That the buyers did not attempt to assert an action in tort independent of contract is obvious. And, while there was an allegation of "carelessness and negligence" on the part of the seller-builder in failing to so place the house as to avoid conflict with the zoning regulations, it is apparent that the allegations were not so stated as to claim that the asserted negligent breach of contract was also a breach of duty imposed by law. Thus, it is clear that the second count did not state an action *ex delicto.* The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort. Under such circumstances—even if the buyers had not waived their claim for damages by accepting conveyance—only an action *ex contractu* would have been available to them. See *Samuel v. Novak,* 99 Md. 558, 58 Atl. 19 (1904). For it is only when a breach of contract is also a violation of a duty imposed by law that the injured party has a choice of

remedies. *Slacum v. Trust Co.,* 163 Md. 350, 163 Atl. 119 (1932).

The order sustaining the demurrer was proper and the judgment will be affirmed.

*Judgment affirmed; appellants to pay costs.*