JOHN A. ERLEWINE ET UX. *v.* HOWELL C. HAPP, JR. ET UX.

[No. 757, September Term, 1977.]

*Decided March 10, 1978.*

The cause was argued before MORTON, LISS and COUCH, JJ.

*F. Theodore Elliot, III,* with whom were *David E. Aldridge* and *Zimmerman, Aldridge & Dwyer* on the brief, for appellants.

*Herbert D. Morrison* for appellees.

LISS, J., delivered the opinion of the Court.

John A. Erlewine and Millicent V. Erlewine, his wife, appellants, filed the within appeal from an order of the Circuit Court for Frederick County (Barrick, J.), directing them to convey by general warranty deed certain real estate purchased from them by Howell C. Happ, Jr. and Shirley L. Happ, his wife, appellees.

On March 1, 1972, the appellees entered into a written contract under seal to purchase from the appellants real property located in Frederick County, Maryland. The terms of the contract included a provision that the appellants were to execute and deliver to the appellees a good and sufficient deed for the property containing covenants of general warranty and further assurances. As was mutually agreed upon by the parties, the contract further specified, "that the provisions [t]hereof shall survive the execution and delivery of the deed aforesaid and shall not be merged therein . . . ." Settlement was held on May 2, 1972, at which time a deed prepared by the Happs' attorney was executed by the appellants and delivered to the appellees. The deed, however, instead of containing a clause of general warranty as to title, was inadvertently prepared with a clause of special warranty. None of the parties noticed the discrepancy at the time of settlement — at least no objection was made to the special warranty deed — and it was duly recorded. Subsequently, a boundary dispute arose which was the subject matter of a law suit filed by an adjoining neighbor (claiming title to a portion

of the land conveyed by the said deed), which suit, after trial, was decided adversely to the interests of the appellees.

When the appellees became aware of the boundary dispute, they consulted counsel who for the first time called their attention to the fact that the deed they had received from the appellants contained not a clause of general warranty but rather one of special warranty. Appellees demanded that the appellants execute a deed containing the general warranty, but the latter refused to do so. A bill of complaint for specific performance was filed by the appellees; appellants demurred, and the demurrer was overruled. Trial was then had and after the submission of legal memoranda, the trial judge filed an order directing appellants to reconvey to the appellees all that property which was originally conveyed on May 2, 1972, by general warranty deed. This appeal is from that order. We concur with the trial judge's conclusions and shall affirm.

Appellants' first contention on appeal is that the appellees' acceptance of a special warranty deed at settlement extinguished any contractual right to thereafter receive a general warranty deed from the appellants.

A warranty in a deed is a covenant by the grantor to warrant and defend the title and possession of the grantee. A general warranty is a covenant to defend against all lawful claims, whatsoever. A special warranty, in contrast, is a covenant only to warrant and defend against the claims of the grantor and all persons claiming or to claim by, through, or under him. Tiffany, *Real Property,* § 578 (3rd ed. 1970).

By statute, the Maryland Legislature has provided that, "[a] covenant by the grantor in a deed, 'that he will warrant generally the property hereby granted,' has the same effect as if the grantor had covenanted that he will warrant forever the property to the grantee against every lawful claim and demand of any person." Md. Ann. Code, Art. Real Property, § 2-105 (1974 & Cum. Supp. 1977).

Section 2-106 of the same article provides: "A covenant by a grantor in a deed, 'that he will warrant specially the property hereby granted,' has the same effect as if the grantor had covenanted that he will warrant forever and

defend the property to the grantee against any lawful claim and demand of the grantor and every person claiming or to claim by, through, or under him."

The Court of Appeals in *Kendall v. Rogers,* 181 Md. 606, 611, 31 A. 2d 312 (1943), stated the obligation of the grantor in a special warranty deed:

> "[A] covenant of special warranty in a deed casts upon the grantor the obligation of protecting the grantee against any act impairing the title during the holding of the property by the grantor and under such a covenant the grantor would not be liable for acts done by his predecessors that impaired or rendered defective title to property conveyed by him."

*Falconer v. Clark,* 3 Md. Ch. 151 (1852); *Falconer v. Clark,* 7 Md. 177 (1854); *Morris v. Harris,* 9 Gill 19 (1850).

It is conceded by both appellants and appellees that the law of Maryland is that under ordinary circumstances, a contract for the sale of land and all prior negotiations between the parties are merged into and do not survive the execution and delivery of a deed; that a prima facie presumption arises from the acceptance of a deed that it represents the entire contract of sale and that the rights of the parties are to be determined by the deed. *Millison v. Fruchtman,* 214 Md. 515, 136 A. 2d 240 (1957); *Gilbert Construction Co. v. Gross,* 212 Md. 402, 129 A. 2d 518 (1957); *Kandalis v. Paul Pet Construction Co.,* 210 Md. 319, 123 A. 2d 345 (1956); *Barrie v. Abate,* 209 Md. 578, 121 A. 2d 862 (1956).

The presumption of merger, however, is negated when the contract of sale contains language providing that the agreement shall survive the execution of the deed. In the case *sub judice,* as we have already noted, there was an explicit agreement that the terms and conditions of the contract were to survive the execution and delivery of the deed, and that they were not to be merged in the deed.

The Court of Appeals addressed itself to the rights accruing to the parties under such an anti-merger contract in the case of *Randolph Hills, Inc. v. Shoreham Developers, Inc.,*

266 Md. 182, 292 A. 2d 662 (1972). In that case, Randolph Hills, Inc. contracted to sell a 32.61 acre parcel of land to Shoreham Developers, Inc., and a dispute arose. A suit for specific performance ensued and Randolph Hills was directed to specifically perform its contract. After settlement, Shoreham filed a bill of complaint seeking the imposition of a constructive trust on funds received from a condemnation award and the sale of a right of way over the property. Randolph Hills defended on the ground that the contractual rights to these funds were waived by the settlement and acceptance of a deed to the remaining parcel. The Court rejected this contention, stating:

> "We do not see it quite that way. The June 1962 agreement of sale stated:
>
>> '... the provisions hereof shall survive the execution and delivery of the deed aforesaid and shall not be merged therein; ...'
>
> This clearly prevented the provisions of the contract from being merged into the settlement. The case of *Heckrotte v. Riddle,* 224 Md. 591, 595, 168 A. 2d 879 (1961), relied on by RHI, is simply enunciative of a line of authority represented by *Millison v. Fruchtman,* [supra]; *Gilbert Construction Co. v. Gross,* [supra]; *Kandalis v. Paul Pet Construction Co.,* [supra]; *Barrie v. Abate,* [supra], which concludes that the acceptance of a deed gives rise to a prima facie presumption that the rights of the parties are determined by the deed. Such a presumption is clearly negated by a contract provision that the representations contained in the contract survive the settlement ...." *Id.* 266 Md. at 193.

The Court further stated:

> "... a purchaser may continue to rely on the covenants in the contract possibly even when he has knowledge of countervailing facts, which is not the case here, since in his answer to an interrogatory

> Theodore Lerner said that he first learned of the grant of the right of way in April of 1969 and of the condemnation award in January of 1970. This was nowhere controverted." *Id.* 266 Md. at 194.

The facts in *Randolph* are apposite to this case. It is apparent that neither the appellants nor the appellees were aware that the deed contained a special warranty clause until the boundary dispute arose several years after settlement. It is clear from a reading of the contract that the parties intended the provisions therein to survive the execution of the deed and that appellees were entitled to receive a general warranty deed. Appellants attempt to avoid that obligation by suggesting that the delivery and acceptance of the special warranty deed amounted to a mutual modification of the contract. They cite in support of that theory the case of *Freeman v. Stanbern Construction Co.,* 205 Md. 71, 106 A. 2d 50 (1954). An examination of that case, however, convinces us that it is inapposite to the case before us, *Freeman* being concerned with the modification of a written contract by oral agreements to modify by mutual consent. In order for such a modification to occur, there must be a meeting of the minds preceded by an offer to vary the written instrument and an acceptance by the parties. *James L. Kernan Co. v. Cook,* 162 Md. 137, 159 A. 256 (1932). There was no testimony to indicate such circumstances in this controversy, and it is obvious that there was no modification of the contract by manual agreement.

All parties to this appeal intended the provisions of the contract of sale to survive and not to be merged into the deed; the language of the contract is explicit as to that purpose. When the contract of sale survives the deed, the acceptance at settlement of less than that which was contractually agreed upon does not amount to a modification of the contract by implication. *Hall v. Barlow,* 260 Md. 327, 272 A. 2d 386 (1971).

As a second line of defense, appellants urge that the chancellor erred in issuing his order for specific performance in that the appellants are unable to convey good title to that

portion of the property which was the subject matter of the boundary dispute. They contend that the remedy of specific performance is to be denied where the contract is impossible to perform or where the ability to perform depends upon the consent of third persons, e.g., as where the property does not belong to the person contracting to convey. *Thompson on Real Property,* § 4481 (1963 repl. vol. 8A).

Appellants rely principally on *Westpark, Inc. v. Seaton Land Co.,* 225 Md. 433, 171 A. 2d 736 (1961); and *Boyd v. Mercantile Safe Deposit & Trust Co.,* 28 Md. App. 18, 344 A. 2d 148 (1975), which cases we conclude, after close examination, are not applicable here. In both the above instances the issues between the parties arose when a vendor was unable to transfer title to all the land he contracted to transfer to the vendee, and the controversy concerned the right of the vendee to seek specific performance as to the balance.

Here, the chancellor ordered the appellants to deliver to the appellees a deed of general warranty. The purpose of the order is obvious from the trial court's comment that, "There is no question that the plaintiffs are entitled to some relief and the only way they are going to get that relief is through the general warranty provision of a deed."

The deed decreed by the chancellor to be executed by the appellants would be a confirmatory deed similar in all respects to the original except that it would contain a general warranty rather than a special warranty clause. The date of the confirmatory deed would be the same date as that of the original deed. The question of the appellees' title to the portion of land involved in the boundary dispute has already been decided adversely to the appellees' interests. In the absence of some practical adjustment between the parties, appellees would then be entitled to seek such redress as is available to them under the general warranty clause of the confirmatory deed in these or other proceedings.

*Order affirmed.*
*Costs to be paid by appellants.*