**ARCHITECTURAL SYSTEMS, INC.**

v.

**GILBANE BUILDING COMPANY.**

**Civ. No. Y–90–2398.**

United States District Court,
D. Maryland.

March 27, 1991.

---

Peter Wilson Taliaferro and Steven A. Thomas, Baltimore, Md., for plaintiff.

John Anthony Wolf and John F. Morkan, III, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

On September 12, 1990, Plaintiff, Architectural Systems, Inc. ("ASI") filed suit seeking to recover the sum of $348,155.00 remaining unpaid under a subcontract entered into with the contractor, Gilbane Building Company ("Gilbane"), Defendant. On November 2, 1990, Gilbane filed this Motion for Partial Summary Judgment, stating that there were no disputed issues of material fact and that based upon the condition precedent provision in the Gilbane–ASI Trade Contract, Gilbane is not required to compensate ASI for work accomplished.

Defendant's motion was held in abeyance pending the Maryland Court of Special Appeals' decision in *Gilbane Building Co. v. Brisk Waterproofing Co.*, 86 Md.App. 21, 585 A.2d 248 (1991), which considered the condition precedent issue.[1] Resolution of the Defendant's Motion for Partial Summary Judgment is therefore now appropriate.

In the Spring, 1985, Gilbane entered into an agreement with Carley Capital Group ("the Owner"), whereby Gilbane was to serve as a general contractor on a construction project ("the Project"). The first General Contract provided that Gilbane would receive a fee for its services and would be reimbursed for costs incurred in performing the work. This was later amended to include a provision for the timing of payments that the Owner would make to Gilbane on a regular basis and to include a provision for the timing of payments that Gilbane would make to its Subcontractors. Furthermore, Gilbane and the Owner agreed that any payment by Gilbane to its Subcontractors would be dependent, as a condition precedent, upon Gilbane first receiving payment from the Owner:

> *It is specifically understood and agreed that the payment to the subcontractors is dependent, as a condition precedent, upon the contractor receiving contract payments, including retainer from the Owner.*

(emphasis in original).

Gilbane subsequently entered into a subcontract with ASI, whereby ASI was to perform drywall and acoustical tile work on the Project. The Gilbane–ASI Trade Contract first provided for the timing of the payments:

> MONTHLY AND FINAL PAYMENTS WILL BE MADE TO THE TRADE CONTRACTOR WITHIN FIVE (5) DAYS AFTER RECEIPT OF PAYMENT BY THE CONSTRUCTION MANAGER FROM THE OWNER. THE RETAINED PERCENTAGE WILL BE FORWARDED AS SOON AS RECEIVED BY THE CONSTRUCTION MANAGER FROM THE OWNER.

It then provided a provision similar to that expressed in the Owner–Gilbane contract:

> IT IS SPECIFICALLY UNDERSTOOD AND AGREED THAT THE PAYMENT TO THE TRADE CONTRACTOR IS DEPENDENT, AS A CONDITION PRECEDENT, UPON THE CONSTRUCTION MANAGER RECEIVING CONTRACT PAYMENTS, INCLUDING RETAINER FROM THE OWNER.[2]

---

1. Brisk Waterproofing and ASI were both subcontractors to Gilbane in the same Project and had identical contractual provisions.

2. After execution of the Trade Contract with ASI, Gilbane and the Owner entered into a new general contract. This was a lump-sum contract, in contrast to the cost-reimbursable contract, that did not require Gilbane to incur any costs before being paid by the Owner. Accordingly, there was no need to include the Supplementary General Conditions and Errata regarding payments found in the First General Contract, as those elements were already addressed

During the course of construction on the Project, the Owner became insolvent and ceased making payments to Gilbane. Gilbane, in reliance on the condition precedent provision in the Gilbane–ASI Trade Contract, then ceased making payments to ASI. As a result of Gilbane's failure to compensate ASI, ASI seeks to recover payments under the Trade Contract.

Gilbane concedes that the Trade Contract consists of a pay-when-paid provision and a condition precedent provision, and argues that its motion for partial summary judgment is based upon the latter provision. Although Gilbane acknowledges that in the construction business the general contractor incurs the owner's credit risk, it maintains that the risk of insolvency was transferred explicitly by the condition precedent in the Trade Contract. *See Atl. States Constr. Co. v. Drummond & Co.*, 251 Md. 77, 82, 246 A.2d 251 (1968), *quoting Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.*, 303 F.2d 655, 660–61 (6th Cir.1962). ASI argues that it did not assume the credit risk simply by the inclusion of the statement "as a condition precedent" in the Trade Contract, and that the subcontract does not address owner insolvency specifically, as *Atl. States* compels.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the initial burden of showing there is no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The moving party is entitled to summary judgment "as a matter of law" if the non-moving party fails to make such an affirmative showing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In *Gilbane Building Co. v. Brisk Waterproofing Co., supra*, the Court of Special Appeals of Maryland distinguished the provision at issue in *Atl. States*[3] and the condition precedent provision at issue before it, which is identical to the condition precedent provision before this Court. The Court of Special Appeals held that the language in the contract in *Atl. States* did not "clearly establish[ ] a condition precedent, such as the case *sub judice.*" *Id.*, 86 Md.App. at 26, 585 A.2d 248. It concluded that the subcontract in *Brisk* contained both a pay-when-paid provision and an unambiguous condition precedent provision. *Id.* at 27, 585 A.2d 248. After a review of Maryland contract law, it held that since the objective meaning of the terms employed by the parties is pivotal, there can be no question that the payment by the Owner to the general contractor is a condition precedent to Gilbane's obligation to pay Brisk, regardless of the fact that insolvency was not discussed during contract negotiations. *Id.* at 26–29, 585 A.2d 248.

ASI urges this Court to disregard the *Brisk* decision since there are legal arguments before this Court which were not presented to the Court of Special Appeals in *Brisk*. It argues that the Owner–Gilbane contract provided that the Owner was to make available to Gilbane a statement of funds available for the project and their source and that ASI had no right to obtain such information from the Owner and that it would be preposterous for ASI to assume the bankruptcy risk without knowing the Owner's financial status.

by the Second General Contract. The Second General Contract had no effect on the Trade Contracts.

3. In *Atl. States,* the subcontract provided that final payment would be made "within 30 days after the completion of the work included in this Subcontract, ... and FULL PAYMENT therefor by the Owner." *Id.,* 251 Md. at 79, 246 A.2d 251. The Court in *Atl. States* noted that

[n]ormally and legally, the insolvency of the owner will not defeat the claim of the subcontractor against the general contractor. Accordingly, in order to transfer this normal credit risk incurred by the general contractor to the subcontractor, the contract between the general contractor and subcontractor should contain an express condition clearly showing that to be the intention of the parties. *Id.* at 82, 246 A.2d 251.

It may not be sound business practice to accept such a business proposal but that is what occurred. The provision unambiguously declares that Gilbane is not obligated to pay ASI until it first received payment by the Owner. The cause for the Owner's nonpayment is not specifically addressed and could be due to a number of causes, including insolvency. Further, contrary to ASI's contention, this argument was addressed by the Court of Special Appeals in *Brisk* wherein it stated

> [a] provision that makes receipt of payment by the general contractor a condition precedent to its obligation to pay the subcontractor transfers from the general contractor to the subcontractor the credit risk of non-payment by the owner for *any* reason (at least for any reason other than the general owner's own fault), including insolvency of the owner.

*Id.* at 28, 585 A.2d 248 (emphasis added).

ASI also argues that the Court of Special Appeals was not presented with ASI's argument that "... judicial precedent is as much a part of the contract as though it were expressly referred to and incorporated in its terms." *Shell Oil v. Ryckman*, 43 Md.App. 1, 8, 403 A.2d 379 (1979). In fact, ASI relied upon this specific argument in its motion for leave to file a brief as amicus curiae. The appellate court denied ASI's motion, implicitly rejecting its argument.

Since there is no genuine issue of material fact, Fed.R.Civ.P. 56 and in accordance with *Brisk*, defendant's motion for partial summary judgment is granted.