ARCHITECTURAL SYSTEMS, INC.

v.

GILBANE BUILDING COMPANY.

Civ. No. Y–90–2398.

United States District Court,
D. Maryland.

Dec. 16, 1991.

Steven A. Thomas, Michael S. Libowitz and Peter W. Taliaferro, Baltimore, Md., for plaintiff.

John Anthony Wolf and John F. Morkan, III, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Gilbane Building Company ("Gilbane"), Defendant, has filed this motion for summary judgement pursuant to Fed.R.Civ.P. 56, against Architectural Systems, Inc. ("ASI"), Plaintiff; claiming that the allegations of ASI's First Amended Complaint, accepted as true, are insufficient as a matter of law to state a claim upon which relief can be granted. After a consideration of the pleadings and evidence submitted, the Court finds that Plaintiff has failed to establish sufficient evidence to support its tort claims. Accordingly, Defendant's Motion for Summary Judgment is Granted.

On March 25, 1987, Gilbane, the General Contractor, entered into an agreement with ASI, the subcontractor, to complete a project known as Henderson's Wharf (the "Project"). ASI was one of several subcontractors on the Project. During the course of construction, the owner of the Project became insolvent and ceased making payment to Gilbane. Pursuant to the payment provisions of the agreement, Gilbane ceased to make payments on the contract to ASI. This suit followed.[1]

■ Gilbane now moves for summary judgment on ASI's three tort based claims. ASI alleges that Gilbane negligently failed to disclose certain information about the financial condition of the owner, and negligently or fraudulently misrepresented to ASI, the owner's financial condition. Summary judgment is proper if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. After an adequate time for discovery, summary judgment is mandated if a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties have completed discovery, and the motion is ripe for consideration.

### Negligence and Negligent Misrepresentation

ASI contends that Gilbane owed an affirmative duty to disclose any knowledge it had pertaining to the financial condition of the owner. This duty to disclose, ASI contends, arises from a general "duty of due care and of good faith and fair dealing." Gilbane is alleged to have breached this duty to disclose by failing to provide ASI with information concerning the owner's financial condition in time to permit ASI to discontinue its work on the Project and to mitigate its damages.

■ Where a controversy concerns purely economic losses allegedly caused by statements made during the course of a contractual relationship between businessmen, contract law—not tort law—provides the rule of decision by which the case is to be governed. *Flow Industries, Inc. v. Fields Construction Co.*, 683 F.Supp. 527, 529 (D.Md.1988) (Motz, J.). Mere negligent breach of a contract is not enough to sustain an action sounding in tort. *Heckrotte*

---

1. In Count I of the First Amended Complaint ASI claimed that it was entitled to payment under the contract; the "payment provisions" of the contract not withstanding. Gilbane filed a motion for partial summary judgment on this count, claiming that the payment provisions of the contract made receipt of payment from the Owner, a condition precedent to Gilbane's obligation to pay ASI.

In an opinion dated March 27, 1991, the Court determined that the payment provisions of the agreement transferred the risk of the owner's insolvency from Gilbane to ASI; since the owner was insolvent, ASI could not recover under the terms of the contract. *Architectural Systems, Inc. v. Gilbane Building Company*, 760 F.Supp. 79 (1991). *See, Gilbane Building Co. v. Brisk Waterproofing Co.*, 86 Md.App. 21, 585 A.2d 248 (1991).

Gilbane subsequently moved for summary judgment on the remaining tort claims raised in the First Amended Complaint. The Court deferred a decision on Defendant's motion until discovery was complete.

v. *Riddle*, 224 Md. 591, 168 A.2d 879 (1961). Absent an affirmative duty to disclose arising from the contract itself, ASI has failed to state a claim upon which relief can be granted.

Article 3.2.1 of the General Contract between Gilbane and the owner, places a duty on the owner to furnish—prior to execution of the agreement or commencement of work, and *at the request of the contractor*—reasonable evidence that the owner has made financial arrangements to fulfill its obligations under the contract. Gilbane acknowledges that Article 3.2.1 is incorporated, by reference, into the agreement between Gilbane and ASI. Aside from the provisions of this Article, the agreement imposes no other duty of disclosure.

■ ASI argues that the duty to disclose is independent of the contract, and arises from the general duty of good faith and fair dealings. A duty of good faith and fair dealing has traditionally been read into a contract where there exists a relationship of trust and confidence between the parties. *Jones v. J.H. Hiser Constr. Co.*, 60 Md.App. 671, 484 A.2d 302 (1984), *cert. den. J.H. Hiser Constr. Co. v. Jones*, 303 Md. 114, 492 A.2d 616 (1985). *See generally, Eastern Savings Bank, F.S.B. v. Nardo*, 85 Md.App. 702, 584 A.2d 1301 (1991); *Julian v. Christopher*, 320 Md. 1, 575 A.2d 735 (1990). Even where a party is not, strictly speaking, a fiduciary, he may stand in a relationship of trust and confidence with the other party so that full and fair disclosure is required.

The record in this case does not support the existence of such a relationship between Gilbane and ASI. *See, Phoenix Mut. Life Ins. Co. v. Shady Grove Plaza Ltd. Partnership*, 734 F.Supp. 1181 (D.C.Md.1990), *aff'd Phoenix Mut. Life Ins. Co. v. Shady Grove Plaza Ltd. Partnership*, 937 F.2d 603 (C.A.4 Md.1991). A special relationship does not generally exist between a general contractor and a subcontractor. *See, 21st Century Properties Co. v. Carpenter Insulation & Coatings Co.*, 694 F.Supp. 148 (D.C.Md.1988). Plaintiff has alleged no facts to suggest that such a relationship existed in this case. Accordingly, ASI's first claim is without merit.[2]

### *Fraudulent Misrepresentation*

■ As discussed earlier, once the agreement was executed, and work commenced, Gilbane had no duty, under the contract, to furnish, revise or supplement information regarding the owner's financial condition. ASI suggests, however, that Gilbane was put on notice that the owner might be experiencing financial difficulty in May of 1987, when the owner began to miss scheduled payment dates. The Court notes that ASI was equally put on notice, because pursuant to the contract, Gilbane was not required to, and in several instances did not, make payment to ASI until such payments were received from the owner.

At some point in 1987, after the owner had failed to meet a series of payment dates, ASI's president, Paul H. Woods, specifically asked the Gilbane Project engineer, Joe Condron, whether this pattern of late payments indicated a "money problem" that might ultimately put payment to ASI at risk. Joe Condron purportedly responded that there was no money problem, and that ASI would get paid.

On October 14, 1987, Gilbane's Project manager received a copy of a letter dated October 7, addressed to the owner, and signed by the owner's lender. The letter stated that the lender had committed in excess of 29 million dollars to the Project. The Project manager purportedly analyzed the commitment and concluded that the funds committed were insufficient to cover the cost of the Project. He reported his findings, both orally and in writing, to several Gilbane executives. ASI contends that Gilbane concealed this information in order to induce ASI to continue work on the Project because the closer the Project came to 100% completion, the closer Gilbane came to receiving all of its fee. Payments

---

**2.** For the reasons set forth above, Plaintiff's claim of negligent misrepresentation must also fail.

to subcontractors, on the other hand, would still be subject to "retainage."

 A claim of fraudulent misrepresentation requires proof of deceit. To show deceit, ASI must show that the misrepresentation was made to defraud ASI. *University Nursing Home, Inc. v. R.B. Brown & Associates, Inc.*, 67 Md.App. 48, 506 A.2d 268 (1986), *cert. den. R.B. Brown & Associates v. University Nursing Home*, 306 Md. 514, 510 A.2d 260 (1986). The evidence presented in this case does not show the necessary level of scienter to support a claim of fraudulent misrepresentation. Accordingly, plaintiff's claim of fraudulent misrepresentation is without merit.

For the purposes of this motion only, Gilbane has conceded the truth of ASI's allegations. Therefore, these allegations accepted as true, and with the evidence viewed in a light most favorable to ASI, the Court finds that there are no remaining issues of material fact, and Gilbane's motion for summary judgment will be granted.

In light of these findings, the Court does not reach the issues of punitive and compensatory damages.