**LAWYERS TITLE INSURANCE CORPORATION, Plaintiff–Appellant,**

v.

**REX TITLE CORPORATION, Defendant–Appellee.**

No. 01–2011.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 23, 2002.

Decided Feb. 26, 2002.

**ARGUED:** .Griffin Vann Canada, Jr., Miles & Stockbridge, P.C., Rockville, Maryland, for Appellant.  Larry I. Gramovot, Tampa, Florida, for Appellee.  **ON BRIEF:** Irwin E. Weiss, Baltimore, Maryland, for Appellee.

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Reversed and remanded by published opinion.  Judge MOTZ wrote the opinion, in which Judge WIDENER and Judge WILLIAMS joined.

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge.

Lawyers Title Insurance Corporation, a provider of title insurance, initiated this diversity action for negligence against its agent, Rex Title Corporation.  The magistrate judge granted summary judgment to Rex, reasoning that Maryland law does not permit an insurance company that has entered into an agency contract with an insurance agent to assert a claim of negligence against the agent.  Because Maryland recognizes an independent duty of care owed by an insurance agent to its principal, the breach of which gives rise to a cause of action for negligence, we must reverse and remand for further proceedings.

I.

A written agency agreement governed the relationship between Lawyers and Rex, its agent.  For purposes of summary judgment and this appeal, the parties agree that Rex violated that agreement by issuing a title insurance policy without obtaining the release of a lien on the covered title.  They further agree for present purposes that Rex had issued a letter on behalf of Lawyers, requiring release of all liens before the policy issued, and that Rex's issuance of the policy also failed to comply with the letter's express terms.

After these errors caused Lawyers to make a substantial payment to the insured under the policy, Lawyers filed this action against Rex.  Initially, Lawyers alleged a breach of contract claim as well as a tort claim against Rex.  Later, however, Lawyers chose to dismiss its contract claim and pursue only a negligence claim.  The parties agree that Maryland law governs that claim.

The magistrate judge granted summary judgment to Rex, holding that because "negligent breach of contract" is "a cause of action which is not recognized in Maryland," Lawyers could not pursue a negligence action against Rex. This appeal followed.

II.

In general, the magistrate judge was correct—Maryland does not recognize a cause of action for negligence arising solely from a contractual relationship between two parties.  *See, e.g., Heckrotte v. Riddle,* 224 Md. 591, 168 A.2d 879, 882 (1961) ("The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising

out of the contract itself, is not enough to sustain an action sounding in tort.").

■ The state has approved a few narrow exceptions to this general rule, one of which permits negligence claims arising from a contractual relationship in circumstances involving a vulnerable party. *See Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 515 A.2d 756 (1986) (imposing a tort duty on a bank processing a loan application for a vulnerable customer). That exception has not been available in litigation between " '[e]qually sophisticated parties.' " *Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 98 (4th Cir.1992) (citation omitted); *accord Silver Hill Station Ltd. P'ship v. HSA/Wexford Bancgroup, LLC*, 158 F.Supp.2d 631, 636–41 (D.Md.2001); *G & M Oil Co. v. Glenfed Fin. Corp.*, 782 F.Supp. 1078, 1084 (D.Md.1989). Accordingly, it certainly does not apply here.

■ That the *Jacques* exception to the general rule does not apply, however, does not mean, as Lawyers suggests, that Rex's negligence claim fails. Rather, the general rule itself only bars a negligence action between contracting parties that rests *solely* on the contract. A contractual obligation—in and of itself—generally does not create a tort duty. But when an independent duty accompanies a contractual obligation, that independent duty may give rise to a tort action. *See Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 741 A.2d 1099, 1107 (1999). "[W]hen a breach of contract is also a violation of a duty imposed by law ... the injured party has a choice of remedies." *Heckrotte*, 168 A.2d at 882.

In the insurance context, Maryland courts have indicated for some time that an insurance agent owes precisely such an independent duty to his principal, the insurance company, and so the insurer can sue the agent not only for breach of contract, but also negligent breach of that independent duty. *See Popham v. State Farm Mut. Ins. Co.*, 333 Md. 136, 634 A.2d 28, 36 (1993) (stating in dictum that an insurance agent "may become liable in fact to the principal who suffers a loss" because of the agent's "failure to use" the proper care) (internal quotation marks omitted); *Bogley v. Middleton Tavern, Inc.*, 288 Md. 645, 421 A.2d 571, 573–74 (1980) (permitting, without analysis, a negligence claim by an insurer against an individual agent).[1] Moreover, recently in *Insurance Co. of North America v. Miller*, 362 Md. 361, 765 A.2d 587 (2001), the Court of Appeals of Maryland expressly so held.

In *Miller*, the Insurance Company of North America ("INA") contracted with J.L. Hickman & Company, a Texas insurance brokerage that employed William Miller, an insurance agent licensed in Maryland. Pursuant to the contract, Hickman agreed to act as INA's agent. *Id.* at 589. After Hickman went out of business and INA discovered that Hickman and Miller had been temporarily retaining rather than immediately forwarding to INA certain insurance premiums, INA sued Miller personally for negligence. *Id.* at 589–90, 592–93.

Maryland's highest court ruled that such a claim was viable, and that Miller, as INA's agent, owed a duty to INA and could be sued for negligent performance of that duty. *Id.* at 601. The court reasoned that Miller's status as INA's agent was

---

1. *Mesmer v. Maryland Automobile Insurance Fund*, 353 Md. 241, 725 A.2d 1053, 1058–60 (1999), on which the magistrate judge relied, held that an insured could pursue only a contract claim (not a tort claim) against an insurer for failure to defend. *Mesmer* did not involve a claim by an insurer against its agent or otherwise touch on agency principles.

established by the agency contract between Hickman and INA, Miller's admission that he was an agent of INA, the statutory definition of an insurance "agent,"[2] state regulations governing the duties of insurance agents, and common-law principles governing an agent's duty to his or her principal. *Id.* at 594–600, 601. The *Miller* court permitted INA to pursue its negligence claim because Miller "was under a duty, as an agent and fiduciary, to act in INA's interest," under principles "specific to insurance agents in a negligence claim" and because of "a special relationship that, itself, imposed such a duty." *Id.* at 600–01.

To be sure, in *Miller*, the agent was an individual, not a corporation, and the alleged negligence was both deliberate and self-serving. But the *Miller* court did not limit its rationale to individual (rather than corporate) agents or to cases involving knowing and self-serving mishandling of funds. Rather, the Court of Appeals stated the principle broadly: "specific to insurance agents in a negligence claim, . . . 'an insurance agent must exercise reasonable care and skill in performing his duties [and] . . . may become liable to those, including his principal, who are caused a loss by his failure to use standard care.'" *Id.* at 600, *quoting Bogley*, 421 A.2d at 573. Moreover, given the well-established nature of this principle, we see no reason to believe that the *Miller* court intended its broad statements to apply narrowly. *See, e.g.,* 4 Lee R. Russ, *Couch on Insurance,*

§ 54:6 (3d ed. 2000) ("An agent who negligently induces the insurer to issue a policy in consequence of which the insurer sustains a loss is himself or herself liable to the insurer for such wrongful conduct."). *Miller*'s approval of a negligence claim by an insurer against its agent therefore governs the case at bar.

Given *Miller*, the magistrate judge erred in ruling that Lawyers could not pursue a negligence claim against Rex. Of course, we address only the existence of a cause of action sounding in negligence and governed by general principles of agency law, and we leave other necessary questions, including whether Rex breached its duty to Lawyers, to be determined on remand.

### III.

For the reasons stated above, the grant of summary judgment to Rex is reversed, and the case is remanded for further proceedings in accordance with this opinion.

*REVERSED AND REMANDED.*

---

**2.** We note that in April 2001, the Maryland General Assembly amended the insurance code in accordance with federal requirements designed to encourage the states to adopt uniform national standards. *See* 15 U.S.C.A. § 6751(a) (West Supp.2001). The state legislature deleted the term "agent" from the insurance code, effective July 2001. 2001 Md. Laws ch. 731, §§ 1, 2, & 9, *deleting* Md.Code Ann., Ins. § 1–101(c) (1997) (defining "agent"). Eliminating the previous legal cat-

egory of an "agent," the legislature created and defined an "insurance producer." *Compare* Md.Code Ann., Ins. § 1–101(c) (1997) (defining "agent"), *with* Md.Code Ann., Ins. § 1–101(u) (Supp.2001) (defining "insurance producer"). *See also* 2001 Md. Laws ch. 731, §§ 1, 4–9. Because the prior statute governed Rex's actions, we need not address the question of the duty of care of an "insurance producer."