[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants William W. Frank, Sr., Mary Frank and William W. Frank, Jr., ("the Franks") filed a complaint against defendant-appellee The Union Central Life Insurance Company ("Union Central") alleging fraud, fraudulent inducement, constructive fraud, negligence, negligent misrepresentation, breach of contract, breach of fiduciary duty and unfair trade practices in connection with a life insurance policy. The Franks alleged that Union Central had, by fraud and misrepresentation, induced the Franks to replace an existing life insurance policy with a new policy. The Franks alleged that Union Central had falsely represented that the new policy's dividends and interest would be sufficient to pay all future premiums after a specified number of years. Further, the Franks alleged that Union Central breached the contract of insurance by demanding additional premiums beyond those paid for the specified number of years. Union Central filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted. The trial court granted Union Central's motion. The Franks filed a motion for reconsideration, which the trial court denied. The Franks have appealed, raising four assignments of error for our review.
The first assignment of error, which alleges that the trial court erred in applying Maryland law, is overruled. The insurance policy states that "[t]his policy is subject to the laws of the state where the application is signed." The application was signed in Maryland. The law of the state chosen by the parties to a contract governs the contractual rights and duties. See Ohayon v. Safeco Ins. Co.of Illinois, 91 Ohio St.3d 474, 2001-Ohio-100, 747 N.E.2d 206.
The Franks, who were residents of Maryland, were approached in Maryland by a Maryland insurance agent regarding the submission of an application for life insurance on a Maryland resident. The application and the policy were signed in Maryland, and performance was to take place in Maryland. We hold that, under these circumstances, the trial court correctly applied Maryland law to the Franks' contract claims pursuant to Ohayon v.Safeco Ins. Co. of Illinois, supra, and Nationwide Mut. Ins. Co. v.Ferrin (1986), 21 Ohio St.3d 43, 487 N.E.2d 568, and to the tort claims pursuant to Morgan v. Biro Mfg. Co., Inc. (1984), 15 Ohio St.3d 339,474 N.E.2d 286, and State Farm Mut. Auto. Ins. Co. v. Brazzle, 1st Dist. No. C-010489, 2002-Ohio-1931.
The Franks' second, third and fourth assignments of error allege that the trial court erred in dismissing their claims for fraud, fraudulent inducement, negligence, negligent misrepresentation and breach of contract.
The insurance policy's cover page states,
THIS IS A LEGAL CONTRACT READ CAREFULLY.
* * *
 20 DAY RIGHT TO EXAMINE THE POLICY. This policy may be sent back to the Company or its agent within 20 days after it is received. * * * The Company will send back any premium within 10 days after the policy is returned.
 The policy contains an integration clause. It also provides that any change to the policy must be made in writing and approved by certain Union Central executives. The policy states that it is an "adjustable life" policy and that "premiums are payable during the lifetime of the insured until the maturity date." The guaranteed rate of interest is 4.5% annually.
Further, the policy states the following:
 The Company and the owner have entered into a legal contract. The entire contract consists of:
this policy;
any riders;
any endorsements;
 the attached copy of the application, and any amendments or supplemental applications; and
any applicable schedule(s).
* * *
This policy will terminate and all insurance will stop:
 on the first monthly date after the owner gives the Company notice; or
when the insured dies; or
 when a required premium is not received before the end of its grace period; or
on the maturity date.
 When a contract has been reduced to an integrated writing and its language is clear and unambiguous, the parol evidence rule bars evidence of the parties' intention to vary the terms of the contract and evidence of prior or contemporaneous agreements that contradict the writing. See General Motors Acceptance Corp. v. Daniels (1985), 303 Md. 254, 492 A.2d 1306; Equitable Trust Co. v. Imbesi (1980), 287 Md. 249, 412 A.2d 96. "[A]n insurance policy is not rendered ambiguous merely by virtue of the fact that it requires careful reading." Benner v. Nationwide Mut. Ins. Co. (C.A.4, 1996), 93 F.3d 1228, 1238. Courts strictly construe the terms of a written contract, even though it might lead to a harsh result. See Hartford Accident Indem. Co. v. Scarlett Harbor Assocs. Ltd. Partnership (1996), 109 Md. App. 217, 674 A.2d 106, affirmed (1997), 346 Md. 122, 695 A.2d 153. The insured has an obligation to read and understand the terms of his insurance policy, and to notify the insurer of any inconsistencies and of his refusal to accept the inconsistent terms. See Benner v. Nationwide Mut. Ins. Co., supra; Shepard v. Keystone Ins. Co. (D.Md. 1990), 743 F. Supp. 429; Ben Lewis Plumbing, Heating Air Conditioning, Inc. v. Liberty Mut. Ins. Co. (1999), 354 Md. 452, 731 A.2d 904; Twelve Knotts Ltd. Partnership v. Fireman's Fund Ins. Co. (1991), 87 Md. App. 88, 589 A.2d 105.
The Franks had twenty days to examine the policy and to notify Union Central of any terms that were inconsistent with what the agent had told them. They did not avail themselves of that opportunity. The clear, express and unambiguous terms of the policy stated that it would expire if no additional premiums were paid and that the guaranteed interest rate was 4.5% annually. The Franks could not have reasonably or justifiably relied on prior representations that directly contradicted the express terms of the contract. See Marks v. The Lincoln Natl. Life Ins. Co. (Sept. 14, 1998), Baltimore Md. Circ.C. No. 98099012/CC2977, affirmed (June 7, 1999), Md.Ct.Spec.App. No. 1739, certiorari denied (1999),356 Md. 18, 736 A.2d 1065.
Greenberg v. The Life Ins. Co. of Virginia (C.A.6, 1999), 177 F.3d 507, cited by the Franks, is inapposite because the Greenberg insurance policy contained "internal inconsistencies" that rendered the policy ambiguous. The Franks' policy does not contain any such "internal inconsistencies." Therefore, the trial court did not err in dismissing the claims for breach of contract, fraud, fraudulent inducement and negligent misrepresentation.
Generally, Maryland courts do not allow tort claims for purely economic losses arising out of a contractual relationship. See Morris v. OsmoseWood Preserving (1995), 340 Md. 519, 667 A.2d 624. Maryland does not recognize a cause of action for negligence arising solely from a contractual relationship in the absence of an independent duty that accompanies a contractual obligation. See Lawyers Title Ins. Corp. v. RexTitle Corp. (C.A.4, 2002), 282 F.3d 292.
In order to state a claim for negligence, the Franks had to show a legal relationship between the parties giving rise to a tort duty independent of that arising from the contractual relationship embodied in the insurance policy. See Marks v. The Lincoln Natl. Life Ins. Co., supra; Jacques v. The Natl. Bank of Maryland (1986), 307 Md. 527,515 A.2d 756. No such special relationship existed between the insureds and their insurer under the circumstances of the instant case. See Marksv. The Lincoln Natl. Life Ins. Co., supra. Because no independent tort duty existed between the Franks and Union Central, the trial court did not err in dismissing the negligence claim. The second, third and fourth assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.